953 So.2d 495 (2007)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASESNO. 2005-1.
No. SC05-803.
Supreme Court of Florida.
March 29, 2007.
The Honorable Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, the Honorable Dedee S. Costello, Past Chair, Fourteenth Judicial Circuit, Panama City, FL, Les Garringer, Staff Liaison, Office of the State Courts Administrator, Tallahassee, FL, for Petitioner.
Bart Schneider, Lake Mary, FL and the Honorable David A. Glant, Eighth Judicial Circuit, Gainesville, FL, Responding with comments.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) filed a report on May 6, 2005, proposing amendments to Standard Jury Instructions in Criminal Cases 8.6Stalking; 8.7(a)Aggravated Stalking; 8.7(b) Aggravated StalkingInjunction Entered; 8.8Aggravated StalkingVictim Under 16 Years of Age; 10.15Felons Possessing Weapons; 13.2Possession of Burglary Tools; and 14.1Theft. The Committee also proposed new instructions 11.14 Dangerous Sexual Felony Offender, and 13.21Impairing or Impeding Telephone or Power to a Dwelling to Facilitate or Further a Burglary.
The Court published the proposals for comment in the July 1, 2005, edition of The Florida Bar News. Two comments were received. Following submission by the Committee of an amended proposal to instruction 8.7(a), the Court published that proposal for comment in the October 15, 2005, edition of The Florida Bar News. One comment was received. On October 30, 2006, the Committee filed an amended report revising its proposals with regard to instructions 8.7(b), 10.15, and 13.21, and withdrawing its proposal with regard to instruction 14.1. We have jurisdiction. See art. V, § 2(a), Fla. Const.
We decline to authorize instruction 11.14Dangerous Sexual Felony Offender, *496 for publication and use pending further study and a report by the Committee. Instruction 11.14 would create a new jury instruction for the classification of "Dangerous Sexual Felony Offender." The proposal derives from the rewording of section 794.0115, Florida Statutes, in chapter 2003-115, Laws of Florida, to include a mandatory minimum sentence of twenty-five years of imprisonment for those classified as dangerous sexual felony offenders under the "Dangerous Sexual Offender Act." Under the statutory scheme, a defendant may be adjudicated a dangerous sexual felony offender if he or she is convicted of committing certain enumerated offenses, see § 794.0115(2), Fla. Stat. (2006), as well as having done so under five alternative circumstances. We are concerned with the proposal in respect to the alternative circumstance under section 794.0115(2)(e), that the defendant "[h]as previously been convicted of a violation of [various statutes]." Unlike section 794.0115(4), Florida Statutes, the proposed instruction does not include qualifying language for "previously been convicted." Section 794.0115(4) provides that "[t]he offense described in subsection (2) which is being charged must have been committed after the date of commission of the last prior conviction for an offense that is a prior conviction described in paragraph (2)(e)." Therefore, we refer this proposed instruction back to the Committee to address this issue.
Having considered the Committee's amended report and the comments filed, we hereby authorize the publication and use of the other proposed instructions, as set forth in the appendix to this opinion, with a minor modification.[1] In doing so, we express no opinion on the correctness of those instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ. concur.

APPENDIX

8.6 STALKING

§ 784.048(2), Fla. Stat.
To prove the crime of Stalking, the State must prove the following element beyond a reasonable doubt:
(Defendant) willfully, maliciously, and repeatedly [followed] or [harassed] [or] [cyberstalked] (victim).
Definitions.
"Harass" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
"Cyberstalk" means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, *497 directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.

-----------------------------------------
 STALKING784.048(2)
-----------------------------------------
CATEGORY CATEGORY FLA.
 ONE TWO STAT. INS. NO.
-----------------------------------------
 None
-----------------------------------------
 Attempt 777.04(1) 5.1
-----------------------------------------

Comment
This instruction was approved in 1995 [657 So.2d 1152] and amended in 2007 to include cyberstalking.

8.7(a) AGGRAVATED STALKING

§ 784.048(3), Fla. Stat.
To prove the crime of Aggravated Stalking, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) willfully, maliciously, and repeatedly [followed] or [harassed] [or] [cyberstalked] (victim).
2. (Defendant) made a credible threat with the intent to place (victim) in reasonable fear of death or bodily injury to [himself] [herself] [(name of the subject of threat)].
Give if applicable.
(Name of subject of threat) was (victim)'s [child] [sibling] [spouse] [parent] [dependent].
Definitions.
"Harass" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
"Cyberstalk" means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.
"Credible threat" means a threat made with the intent to cause the person who is the target of the threat to reasonably fear for his or her safety. The threat must be against the life of, or a threat to cause bodily injury to, a person.

Lesser Included Offenses

---------------------------------------------------
 AGGRAVATED STALKING784.048(3)
---------------------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
---------------------------------------------------
Stalking 784.048(2) 8.6
---------------------------------------------------
 Attempt 777.04(1) 5.1
---------------------------------------------------
 Assault 784.011 8.1
---------------------------------------------------
 Improper
 exhibition of
 dangerous weapon 790.10 10.5
---------------------------------------------------

Comment
This instruction was approved in 1995 [657 So.2d 1152] and amended in 2007 to incorporate cyberstalking.

8.7(b) AGGRAVATED STALKING

(Injunction Entered)

§ 784.048(4), Fla. Stat.
To prove the crime of Aggravated Stalking, the State must prove the following two three elements beyond a reasonable doubt:
1. (Defendant)__knowingly, willfully, maliciously, and repeatedly [followed] or [harassed] [or] [cyberstalked] (victim).
Give 2a, 2b, or 2c as applicable
2. (Defendant) did so in violation of
a. an injunction for protection against repeat violence.
b. an injunction for protection against domestic violence.
c. any [other] court imposed prohibition of conduct toward (the victim) or (victim's) property.

*498 Give 2a or 2b as applicable.

2. At the time of the [following] [harassing] [cyberstalking],
a. an injunction for protection against [repeat] [sexual] [dating] [domestic] violence had been entered against (defendant) for the benefit of (victim).
b. a court had imposed a prohibition of conduct on (defendant) toward (victim) or (victim's property).
3. (Defendant) knew that the [injunction] [court-imposed prohibition of conduct] had been entered against [him] [her].
Definitions.
"Harass" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
"Cyberstalk" means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.
"Credible threat" means a threat made with the intent to cause the person who is the target of the threat to reasonably fear for his or her safety. The threat must be against the life of, or a threat to cause bodily injury to, a person.

Lesser Included Offenses

-----------------------------------------------------------------------------------------------------
 AGGRAVATED STALKING (Injunction Entered)784.048(4)
-----------------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------------------------------------------------
Stalking 784.048(2) 8.6
-----------------------------------------------------------------------------------------------------
 Attempt 777.04(1) 5.1
-----------------------------------------------------------------------------------------------------
 Violation of injunction for protection against domestic
 violence 741.31(4) 8.16
-----------------------------------------------------------------------------------------------------
 Violation of injunction for protection against repeat,
 sexual, or dating violence 784.047
-----------------------------------------------------------------------------------------------------

Comment
This instruction was adopted in 1995 [657 So.2d 1152] and amended in 2007.

8.8 AGGRAVATED STALKING

(Victim under 16 years of age)

§ 784.048(5), Fla. Stat.
To prove the crime of aggravated stalking, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) willfully, maliciously, and repeatedly [followed] or [harassed ] [or] [cyberstalked] (victim); and,
2. At the time of (defendant's) actions, (victim) was under 16 years of age.
Definitions.
"Harass" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
"Cyberstalk" means to engage in a course of conduct to communicate, or to *499 cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.

Lesser Included Offenses

-----------------------------------------------------------------------------------------------------
 AGGRAVATED STALKING (Victim under 16 years of age)784.048(3)(5)
-----------------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------------------------------------------------
Stalking, 784.048(2) 8.6
-----------------------------------------------------------------------------------------------------
 None Attempt 777.04(1) 5.1
-----------------------------------------------------------------------------------------------------
 Violation of injunction for protection against domestic
 violence 741.31(4) 8.18
-----------------------------------------------------------------------------------------------------

Comment
This instruction is based on the text of section§ 784.048(5), Florida Statutes Fla. Stat.(1997), and generally patterned after the standard instructions on stalking and aggravated stalking.
This instruction was adopted in 2000 [765 So.2d 692] and amended in 2007 to incorporate cyberstalking.
10.15 FELONS POSSESSING WEAPONS FELONS CARRYING A CONCEALED WEAPON OR POSSESSING FIREARM/AMMUNITION/ELECTRIC WEAPON OR DEVICE

§ 790.23, Fla. Stat.
To prove the crime of (crime charged), the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) had been convicted of [(prior offense)] a felony.
Give 2a or 2b as applicable.
2. After the conviction, (defendant) knowingly
Give 2a or 2b as applicable.
a. [owned] [had in [his] [her] care, custody, possession, or control]
[a firearm]
[an electric weapon or device]
[ammunition].
b. [carried a (weapon alleged), which was concealed from the ordinary sight of another person] concealed weapon.]
Defense
If you find that the defendant's civil rights had been restored at the time of the offense, you shall find the defendant non guilty.
Definitions.
"Convicted" means that a judgment has been entered in a criminal proceeding by a competent court pronouncing the accused guilty.
A ["firearm"]["electric weapon or device"]["concealed weapon"] is legally defined as (adapt from § 790.001, Fla. Stat., as required by the allegations).
Give as appropriate.
[A "firearm"] ["Ammunition"] [An "electric weapon or device"] [A "concealed weapon"] is legally defined as (insert the definition in § 790.001, Fla. Stat.).
Give if appropriate.
A "deadly weapon" is legally defined as one likely to produce death or great bodily injury.
*500 Give if 2a alleged.
"Care" and "custody" mean immediate charge and control exercised by a person over the named object. The terms care, custody, and control may be used interchangeably.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed an object.
Possession may be actual or constructive. If a thing is in the hand of or on the person, or in a bag or container in the hand of or on the person, or is so close as to be within ready reach and is under the control of the person, it is in the actual possession of that person.
Actual possession means
a. the object is in the hand of or on the person, or
b. the object is in a container in the hand of or on the person, or
c. the object is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to an object is not sufficient to establish control over the object when the object is not in a place over which the person has control.
If a thing is in a place over which the person has control or in which the person has hidden or concealed it, it is in the constructive possession of that person.
Constructive possession means the object is in a place over which (defendant) has control, or in which (defendant) has concealed it.
If an object is in a place over which (defendant) does not have control, the State establishes constructive possession if it proves that (defendant) (1) has knowledge that the object was within (defendant's) presence, and (2) has control over the object.
Possession may be joint, that is, two or more persons may jointly have possession of possess an object article, exercising control over it. In that case, each of those persons is considered to be in possession of that object article.
If a person has exclusive possession of an object a thing, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of an object a thing, knowledge of its presence may not be inferred or assumed.

Lesser Included Offenses

---------------------------------------------------------------------------------------------------
 FELONS; POSSESSION OF FIREARMS UNLAWFUL; EXCEPTION, PENALTY 790.23
 FELONS CARRYING A CONCEALED WEAPON OR POSSESSING
 FIREARM/AMMUNITION/ELECTRIC WEAPON OR DEVICE790.23
---------------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
---------------------------------------------------------------------------------------------------
None
---------------------------------------------------------------------------------------------------
 Attempt (may be applicable when concealed weapon is
 charged) 777.04(1) 5.1
---------------------------------------------------------------------------------------------------
 Carrying concealed firearm 790.01(2) 10.1
---------------------------------------------------------------------------------------------------
 Carrying concealed weapon 790.01(1) 10.1
---------------------------------------------------------------------------------------------------

*501 Comment
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205] and 1992 [603 So.2d 1175] and 2007.

13.2 POSSESSION OF BURGLARY TOOLS

§ 810.06, Fla. Stat.
To prove the crime of Possession of Burglary Tools, the State must prove the following three four elements beyond a reasonable doubt:
1. (Defendant) intended to commit a burglary or trespass.
1. 2. (Defendant) had in [his] [her] possession a [tool] [machine] [implement]. that [he] [she] intended to use, or allow to be used, in the commission of the burglary or trespass.
2. (Defendant) intended to use the tool in the commission of a burglary or trespass.
3. (Defendant) intended to commit a burglary or trespass.
4. 3. (Defendant) did some overt act toward the commission of a burglary or trespass.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205], and 1995 [665 So.2d 212], and 2007.
13.21 IMPAIRING OR IMPEDING TELEPHONE OR POWER TO A DWELLING TO FACILITATE OR FURTHER A BURGLARY

§ 810.061, Fla. Stat.
To prove the crime of Impairing or Impeding Telephone or Power to a Dwelling to Facilitate or Further a Burglary, the State must prove the following two elements beyond a reasonable doubt:
Give as applicable.
1. (Defendant)
a. damaged a [wire] [line] that transmitted [telephone service] [power] to a dwelling.
b. impaired equipment necessary for [telephone] [power] transmission to a dwelling.
c. [impaired] [impeded] [telephone] [power] transmission to a dwelling.
2. (Defendant) did so for the purpose of facilitating or furthering the [commission] [attempted commission] of a burglary of that dwelling.
To define a burglary, see the elements of burglary in instruction 13.1.
Definitions.
§ 810.011(2), Fla. Stat.
"Dwelling" means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.
§ 810.011(3), Fla. Stat. Give if applicable.
"Conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car; and "to enter a conveyance" includes taking apart any portion of the conveyance.
*502 "Impaired" means to be diminished, damaged, or weakened.
"Impeded" means to slow something down or prevent an activity from making progress at its previous rate.
"Facilitate" means to help or assist, or to make something possible or easier.
An "attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.

Comment
This instruction was adopted in 2007.
NOTES
[1] With regard to the proposed version of instruction 8.6Stalking, the Court corrected the statutory citation for "stalking" in the chart for the lesser included offenses.