# Supreme Court of Florida

_____

No. SC19-1654
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-08.**

January 16, 2020

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending standard criminal jury instructions 8.6

(Stalking), 8.7(a) (Aggravated Stalking), 8.7(b) (Aggravated Stalking (Injunction

Entered)), 8.7(c) (Aggravated Stalking (Victim under 16 years of age)), and 8.7(d)

(Aggravated Stalking (Defendant previously sentenced for sex offense and was

prohibited from contacting victim)).  The Committee filed its report after

publishing the proposals in *The Florida Bar News*.  No comments were received

by the Committee.

Having considered the Committee's report, we amend the standard jury instructions as proposed by the Committee and authorize them for publication and use. All of the instructions are updated to include the amended definition for "cyberstalk" based upon chapter 2019-167, section 31, Laws of Florida, which amended section 784.048(1)(d), Florida Statutes (2019). In addition, instruction 8.7(b) is amended to move the citation to *Seese v. State*, 955 So. 2d 1145 (Fla. 4th DCA 2007), from the comment section to above the definition for "maliciously." Finally, in instruction 8.7(d), the citation to *Seese* and the definition for "maliciously" are added.

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. In authorizing the

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

## 8.6 STALKING
§ 784.048(2), Fla. Stat.

**To prove the crime of Stalking, the State must prove the following element beyond a reasonable doubt:**

(Defendant) **willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyberstalked]** (victim)**.**

*Definition*s.
*§ 784.048(1)(a), Fla. Stat.*
**"Harass" means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.**

*§ 784.048(1)(b), Fla. Stat.*
**"Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

*Give if applicable.*
*§ 784.048(1)(d), Fla. Stat.*
**"Cyberstalk" means [to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person,] [or] [to access or attempt to access the online accounts or Internet-connected home electronic systems of another person without that person's permission,] causing substantial emotional distress to that person and serving no legitimate purpose.**

**Lesser Included Offenses**

| STALKING — 784.048(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |

| None | | | |
|---|---|---|---|
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was approved in 1995 [657 So. 2d 1152] and amended in 2007 [953 So. 2d 495], ~~and~~ 2013 [131 So. 3d 755], and 2020.

**8.7(a) AGGRAVATED STALKING**
§ 784.048(3), Fla. Stat.

**To prove the crime of Aggravated Stalking, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyberstalked]** (victim)**; and**

2. (Defendant) **made a credible threat to** (victim)**.**

*Definitions.*
*§ 784.048(1)(a), Fla. Stat.*
**"Harass" means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.**

*§ 784.048(1)(b), Fla. Stat.*
**"Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

*Give if applicable.*
*§ 784.048(1)(d), Fla. Stat.*

- 5 -

**"Cyberstalk"** means [to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person,] [or] [to access or attempt to access the online accounts or Internet-connected home electronic systems of another person without that person's permission,] causing substantial emotional distress to that person and serving no legitimate purpose.

*§ 784.048(1)(c), Fla. Stat.*
**"Credible threat"** means a verbal or nonverbal threat, or a combination of the two, including threats delivered by electronic communication or implied by a pattern of conduct, which places the person who is the target of the threat in reasonable fear for his or her safety or the safety of his or her family members or individuals closely associated with the person, and which is made with the apparent ability to carry out the threat to cause such harm.

It is not necessary for the State to prove that the person making the threat had the actual intent to carry out the threat.

*Give if applicable.*
The present incarceration of the person making the threat is not a bar to prosecution.

### Lesser Included Offenses

| AGGRAVATED STALKING — 784.048(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Stalking | | 784.048(2) | 8.6 |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |
| | Improper exhibition of dangerous weapon | 790.10 | 10.5 |

### Comment

This instruction was approved in 1995 [657 So. 2d 1152] and amended in 2007 [953 So. 2d 495], ~~and~~ 2013 [131 So. 3d 755], and 2020. ~~to incorporate the change in law effective October 1, 2012.~~

# 8.7(b) AGGRAVATED STALKING
## (Injunction Entered)
### § 784.048(4), Fla. Stat.

**To prove the crime of Aggravated Stalking, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **knowingly, willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyberstalked] (victim).**

*Give 2a or 2b or both as applicable.*
2. **At the time of the [following] [harassing] [cyberstalking],**

   a. **an injunction for protection against [repeat] [sexual] [dating] [domestic] violence had been entered against (defendant) for the benefit of (victim).**

   b. **a court had imposed a prohibition of conduct on (defendant) toward (victim) or (victim's property).**

3. (Defendant) **knew that the [injunction] [court-imposed prohibition of conduct] had been entered against [him] [her].**

*Definitions.*
*§ 784.048(1)(a), Fla. Stat.*
**"Harass" means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.**

*§ 784.048(1)(b), Fla. Stat.*
**"Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

*Give if applicable.*
*§ 784.048(1)(d), Fla. Stat.*

**"Cyberstalk"** means [to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person,] [or] [to access or attempt to access the online accounts or Internet-connected home electronic systems of another person without that person's permission,] causing substantial emotional distress to that person and serving no legitimate purpose.

*Seese v. State, 955 So. 2d 1145 (Fla. 4th DCA 2007).*

**"Maliciously"** means wrongfully, intentionally, and without legal justification or excuse.

## Lesser Included Offenses

| AGGRAVATED STALKING (Injunction Entered) — 784.048(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Stalking | | 784.048(2) | 8.6 |
| | Attempt | 777.04(1) | 5.1 |
| | Violation of injunction for protection against domestic violence | 741.31(4) | 8.1~~6~~8 |
| | Violation of injunction for protection against repeat, sexual, or dating violence | 784.047 | 8.19 |
| | Violation of injunction for protection against stalking or cyberstalking | 784.0487(4) | 8.24 |

## Comments

~~See *Seese v. State*, 955 So. 2d 1145 (Fla. 4th DCA 2007), for the definition of maliciously.~~

This instruction was adopted in 1995 [657 So. 2d 1152] and was amended in 2007 [953 So. 2d 495], 2008 [995 So. 2d 476], ~~and~~ 2013 [131 So. 3d 755], and 2020.

**8.7(c) AGGRAVATED STALKING**
**(Victim under 16 years of age)**
§ 784.048(5), Fla. Stat.

**To prove the crime of Aggravated Stalking, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyberstalked]** (victim)**; and,**

2. **At the time of** (defendant's) **actions,** (victim) **was under 16 years of age.**

*Definitions.*
*§ 784.048(1)(a), Fla. Stat.*
**"Harass" means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.**

*§ 784.048(1)(b), Fla. Stat.*
**"Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

*Give if applicable.*
*§ 784.048(1)(d), Fla. Stat.*
**"Cyberstalk" means [to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person,] [or] [to access or attempt to access the online accounts or Internet-connected home electronic systems of another person without that person's permission,] causing substantial emotional distress to that person and serving no legitimate purpose.**

## Lesser Included Offenses

| AGGRAVATED STALKING (Victim under 16 years of age) — 784.048(5) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Stalking | | 784.048(2) | 8.6 |
| | Attempt | 777.04(1) | 5.1 |
| | Violation of injunction for protection against domestic violence | 741.31(4) | 8.18 |
| | Violation of injunction for protection against repeat, sexual, or dating violence | 784.047 | 8.19 |
| | Violation of injunction for protection against stalking or cyberstalking | 784.0487(4) | 8.24 |

### Comment

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2007 [953 So. 2d 495], ~~and~~ 2013 [131 So. 3d 755], and 2020.

### 8.7(d) AGGRAVATED STALKING
### (Defendant previously sentenced for sex offense
### and was prohibited from contacting victim)
§ 784.048(7), Fla. Stat.

**To prove the crime of Aggravated Stalking, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **was sentenced for [sexual battery] [violating Fla. Stat. 800.04] [violating Fla. Stat. 847.0135(5)].**

2.  **As part of that sentencing,** (defendant) **was ordered to have no contact with** (victim)**.**

3.   **After the sentencing,** (defendant) **willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyberstalked]** (victim).

- 10 -

*Definitions.*
*§ 784.048(1)(a), Fla. Stat.*
**"Harass" means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.**

*§ 784.048(1)(b), Fla. Stat.*
**"Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

*Give if applicable.*
*§ 784.048(1)(d), Fla. Stat.*
**"Cyberstalk" means [to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person,] [or] [to access or attempt to access the online accounts or Internet-connected home electronic systems of another person without that person's permission,] causing substantial emotional distress to that person and serving no legitimate purpose.**

*Seese v. State, 955 So. 2d 1145 (Fla. 4th DCA 2007).*
**"Maliciously" means wrongfully, intentionally, and without legal justification or excuse.**

**Lesser Included Offenses**

| AGGRAVATED STALKING (Defendant previously sentenced for sex offense and was prohibited from contacting victim) — 784.048(7) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Stalking | | 784.048(2) | 8.6 |
| | Attempt | 777.04(1) | 5.1 |
| | Violation of injunction for protection against domestic violence | 741.31(4) | 8.18 |

- 11 -

| | Violation of injunction for protection against repeat, sexual, or dating violence | 784.047 | 8.19 |
|---|---|---|---|
| | Violation of injunction for protection against stalking or cyberstalking | 784.0487(4) | 8.24 |

## Comment

This instruction was adopted in 2013 [131 So. 3d 755] and amended in 2020.