LILES, W00DIE A., Associate Judge (Retired).
Vernell King was charged with the crime of grand theft on July 1, 1980. He remained in jail awaiting trial until July 28, 1980, when he was released on his own recognizance pursuant to Section 903.03(1), Florida Statutes (1979). When King failed to appear for pretrial conference on August 5,1980, the release on his own recognizance was revoked and a capias with a bond was issued. King was apprehended in November, 1980. He was charged with failure to appear before the court, in violation of Section 843.15, Florida Statutes (1979).
A motion was filed on his behalf to dismiss the charge of failure to appear for the reason that since King was released on his own recognizance, he could not be charged with a violation of Section 843.15, since that section dealt only with defendants released on bail as opposed to released on their own recognizance. The trial judge denied the motion to dismiss. Defendant entered a plea of nolo contendere, reserving the right to appeal the denial of the motion to dismiss, and received a sentence of two years imprisonment.
Appellant now urges that we reverse the trial judge, since the harshest penalty he could receive would be a conviction of indirect criminal contempt. He bases that argument on the language contained in Section 843.15(2), which provides:
Nothing in this Section shall interfere with or prevent the exercise by any court of its power to punish for contempt.
We believe the trial court properly denied the motion to dismiss for the reason that the judge was empowered by Section 903.03(2)(a) to release a person charged with a crime on his own recognizance, and the fact that the defendant failed to keep his word that he would appear as ordered does not allow him to also escape a prosecution simply because he did not have either a cash bond or a surety company.
It is true that Chapter 843, Florida Statutes, speaks in terms of forfeiture of *932 security as does Chapter 903. This does not, however, exclude punishment for defendants who are released on their own recognizance when the very term recognizance carries with it a promise as opposed to a surety. To rule otherwise would have a chilling effect upon trial judges releasing those charged with a crime without surety and would render Section 903.03(2)(a) a nullity.
For the foregoing reasons, we AFFIRM.
McCORD and SHIVERS, JJ., concur.