LEHAN, Judge.
Defendant appeals his conviction and sentencing for a charge of failure to appear, a violation of section 843.15, Florida Statutes (1979). We affirm.
The incident which gave rise to the case now on appeal occurred during a felony prosecution of defendant in 1980. Defendant appeared on the day of trial with serious, untreated injuries to his face. Defendant was taken for medical treatment, after which defense counsel moved for a continuance. The trial court denied the motion.
Defendant was present in the courtroom at the beginning of his trial, through jury selection and the testimony of two witnesses. A recess was taken at that point, and defendant did not return to the courtroom. The trial continued without defendant’s presence, pursuant to Florida Rule of Criminal Procedure 3.180(b). Defendant was ultimately convicted and sentenced in ab-sentia.
The state charged defendant with failure to appear in violation of section 843.15, Florida Statutes (1979), which states:
(1) Whoever, having been released pursuant to chapter 903, willfully fails to appear before any court or judicial offi *1154 cer as required shall incur a forfeiture of any security which was given or pledged for his release and, in addition, shall: (a) If he was released in connection with a charge of felony ... be guilty of a felony of the third degree ....
After a jury trial on this charge, defendant was convicted and sentenced to five years probation. This appeal followed.
Defendant argues on appeal that the trial court erred in denying his motion for judgment of acquittal because section 843.-15 would only apply to a failure to initially appear for trial, not a failure to stay at the trial for its duration. The state responds that section 843.15 makes it illegal for a defendant not to appear “as required” and that a defendant is required to be present during the entire trial. We agree with the state’s position.
Florida Rule of Criminal Procedure 3.180(a) states, “In all prosecutions for crime the defendant shall be present: ... (5) At all proceedings before the court when the jury is present; ... (8) At the rendition of the verdict; (9) At the pronouncement of judgment and the imposition of sentence.” This rule clearly contemplates that defendant is required to be present for the length of the trial.
Defendant contends that Florida Rule of Criminal Procedure 3.180(b) allows a defendant to be absent during his trial. That rule, however, merely allows a trial to continue to its conclusion if a defendant absents himself without leave of court. If the meaning of the rule was as argued by defendant, then there would be no need for subsection (c) of rule 3.180 which specifies that a person who is prosecuted for a misdemeanor may, with leave of court, be excused from attending his trial.
Because defendant was required to remain at his first trial, the trial court did not err in denying defendant’s motion for judgment of acquittal. We also find no error in defendant’s second point on appeal regarding jury instructions.
AFFIRMED.
RYDER, C.J., and CAMPBELL, J., concur.