PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the Standard Jury Instructions in Criminal Cases. The Committee proposes the following new instructions: 16.12 — Leaving a Child Unattended or Unsupervised in a Motor Vehicle;[1] 25.19—Unlawful Sale, Manufacture, Alteration, Delivery, Uttering or Possession of Counterfeit-Resistant Prescription Blanks for Controlled Substances; and 29.13 — Animal Fighting or Baiting, and requests that the Court authorize the new instructions for publication and use.[2] The Committee published the proposals for comment in The Florida Bar Neivs prior to submission to the Court. No comments were received by the Committee.
Having considered the Committee’s report, we hereby authorize the publication and use of the new instructions as set forth in the appendix to this opinion.[3] In doing so, we express no opinion on the correctness of those instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix[4] *1173 shall be effective when this opinion becomes final.
It is so ordered.
QUINCE, C.J., and WELLS, PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.
APPENDIX
16.12 LEAVING A CHILD UNATTENDED OR UNSUPERVISED IN A MOTOR VEHICLE
§ 316.6135, Fla. Stat.
To prove the crime of Leaving a Child Unattended or Unsupervised in a Motor Vehicle, the State must prove the following [three] [four] elements beyond a reasonable doubt:
L (Defendant) was a [parent of] [legal guardian for] [person responsible for] (victim).
2. (Victim) was less than 6 years of age.

Give 3a or 3b as applicable.

3. (Defendant) left (victim) unattended or unsupervised in a motor vehicle
a for more than 15 minutes.

Note to Judge: Give 3b, if applicable, only when the crime charged, is a violation of F.S. 316.6135(4).

b. while [the motor was running] [the health of the victim was in danger].

Give if applicable.

4. In so doing, [great bodily harm] [a permanent disability] [permanent disfigurement] was caused to (victim).
Lesser Included Offenses
LEAVING A CHILD UNATTENDED OR UNSUPERVISED IN A MOTOR VEHICLE — 316.6135(4)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Leaving a Child Unattended 316.6135(1)(a)
None
Comment
This instruction was adopted in 2009.
25.19 UNLAWFUL SALE, MANUFACTURE, ALTERATION, DELIVERY, UTTERING OR POSSESSION OF COUNTERFEIT^ RESISTANT PRESCRIPTION BLANKS FOR CONTROLLED SUBSTANCES
§ 831.311, Fla. Stat.
To prove the crime of Unlawful Sale, Manufacture, Alteration, Delivery, Ut *1174 tering or Possession of Counterfeit-Resistant Prescription Blanks for Controlled Substances, the State must prove the following three elements beyond a reasonable doubt:
L (Defendant) [sold] [manufactured] [altered] [delivered] [uttered] [possessed] any counterfeit-resistant prescription blanks for controlled substances.
2. The counterfeit-resistant prescription blanks for controlled substances were in the form and content established by the Department of Health pursuant to law.
3. (Defendant) intended [to injure or defraud any person] [to facilitate (insert alleged violation of s. 893.13 as charged in the Information) ].

Definition.

To “utter” means to pass, present or publish.
Lesser Included Offenses
UNLAWFUL SALE, MANUFACTURE, ALTERATION, DELIVERY, UTTERING OR POSSESSION OF COUNTERFEIT-RESISTANT PRESCRIPTION BLANKS FOR CONTROLLED 831.311
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt 777.04(1) 51
Comment
The Department of Health is directed by section 893.065, Florida Statutes, to develop and adopt by rule the form and content for a counterfeit-resistant prescription blank which may be used by practitioners for the purpose of prescribing a controlled substance listed in Schedule II, Schedule III, or Schedule IV.
This instruction was adopted in 2009.
29.13(b) ANIMAL FIGHTING OR BAITING
§ 828.122, Fla. Stat.
To prove the crime of Animal [Fighting] [Baiting], the State must prove the following [one] [three] element(s) beyond a reasonable doubt:

Give as applicable, if (3) (a), (b), (c), (d), (e), (d) or (h) is charged:

(Defendant) knowingly
[[baited] [bred] [trained] [transported] [sold] [owned] [possessed] [used] a [wild] [domestic] animal for the purpose of animal [fighting] [baiting].] [[owned] [possessed] [sold] equipment for use in the [baiting] [breeding] [training] [transporting] [selling] [owning] [possessing] [using] of a [wild] [domestic] animal for the purpose of animal [fighting] [baiting].] [[owned] [leased] [managed] [operated] [had control of] property used for the [baiting] [breeding] [training] [transporting] [selling] [owning] [possessing] [using] of a [wild] [domestic] animal for the purpose of animal [fighting] [baiting].]
*1175 [[promoted][staged]_[advertised] [charged an admission fee to] a [fight] [baiting] between two or more animals.]
[performed [a service] [an act] to facilitate animal [fighting] [baiting], including, but not limited to, [providing security] [refereeing] [handling or transporting animals] [being a stakeholder of any money wagered on animal fighting or baiting].]
[bet or wagered [money] [valuable consideration] on the [fighting] [baiting] of animals.] [attended the [fighting] [baiting] of animals.]

Give only if (3) (†) is charged:

L An animal was impounded under the “Animal Fighting Act.”
2. (Defendant) knowingly [removed] [facilitated the removal of] the animal from [an agency where the animal was impounded] [a location designated by the court].
3. [He] [She] did so without prior authorization of the court.
Possession of an animal alone does not constitute a violation.
“Animal fighting” means fighting between roosters or other birds or between dogs, bears, or other animals.
“Baiting” means to attack with violence, to provoke, or to harass an animal with one or more animals for the purpose of training an animal for, or to cause an animal to engage in, fights with or among other animals, including the use of live animals in the training of racing greyhounds.

Give if applicable. See section (9).

It is a defense to this crime if [any person is simulating a fight for the purpose of using the simulated fight as part of a motion picture which will be used on television or in a motion picture as long as the crime of cruelty to animals is not committed. (Define animal cruelty. See § 828.12, Fla. Stat.) ] [any person is using animals to pursue or take wildlife or to participate in hunting regulated or subject to being regulated by the rules and regulations of the Fish and Wildlife Conservation Commission.] [any person is using animals to work livestock for agricultural purposes.] [any person is conducting or engaging in a simulated or bloodless bullfighting exhibition.] [any person is using dogs to hunt wild hogs or to retrieve domestic hogs pursuant to customary hunting or agricultural practices.]
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2009.

. As submitted to the Court and previously published in The Florida Bar News, this instruction was numbered 16.7. That instruction number, however, is assigned to the instruction for Use of a Child in a Sexual Performance, previously authorized for use in In re Standard Jury Instructions in Criminal Cases—Report No. 2007-08, 995 So.2d 489 (Fla.2008).

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. In instruction 29.13(b), we have included reference to the statutory provision that defines "animal cruelty," section 828.12, Florida Statutes, to make the instruction consistent with section 828.122(9)(a), Florida Statutes.

.The amendments as reflected in the appendix are to the Standard Jury Instructions in Criminal Cases as they appear on the Court's website at www.floridasupremecourt.org/ jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by refer *1173 ence to the published opinion of this Court authorizing the instruction.