PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) proposes several new standard criminal jury instructions and amendments to several existing standard criminal jury instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const. We authorize the new and amended instructions for publication and use, except as explained below.
The Committee asks the Court to authorize for publication and use new criminal jury instructions 8.7(d) (Aggravated Stalking (Defendant previously sentenced for sex offense and prohibited from contacting victim)); 8.24 (Violation of Stalking *756 Injunction); 14.9 (Exploitation of an Elderly or Disabled Person); 21.14 (False Information to Law Enforcement Investigating a Missing Person 16 Years of Age or Younger); and 29.18 (Failure to Appear). The Committee also proposes amending existing criminal jury instructions 2.4 (Evidence of Other Crimes, Wrongs, or Acts (“Williams Rule”)); 3.8(a) (Evidence of Other Crimes, Wrongs, or Acts (“Williams Rule”)); 8.2 (Aggravated Assault); 8.6 (Stalking); 8.7(a) (Aggravated Stalking); 8.7(b) (Aggravated Stalking (Injunction Entered)); 8.12 (Aggravated Assault on Law Enforcement Officer or Firefighter); 8.15 (Aggravated Assault on an Elderly Person); 10.6 (Discharging a Firearm in Public); 11.1 (Sexual Battery— Victim Less Than 12 Years of Age); 16.12 (Leaving Child Unattended or Unsupervised in Motor Vehicle); 21.8 (Tampering With or Fabricating Physical Evidence); and 28.5(a) (Racing on a Highway). Finally, two of the proposed instructions are currently in existence, but the Committee is recommending renumbering them as follows: 8.7(c) (Aggravated Stalking (Victim Under 16)) (renumbered from existing instruction 8.8); 21.15 (False Information to Law Enforcement) (renumbered from existing instruction 18.3).[1]
Before filing its report with the Court, the Committee published these proposals for comment, except for instruction 21.8 (Tampering With or Fabricating Physical Evidence), because that proposal involved only minor changes. Two comments were received by the Committee, and the Committee made changes to the proposals in response to one of the comments. The Court did not publish the proposals after they were filed.
in the Committee’s proposal for instruction 11.1 (Sexual Battery — Victim Less Than 12 Years of Age), the Committee proposes language stating that the victim’s consent, the victim’s lack of chastity, and mistakes about the victim’s age are not defenses. However, no legal authority is cited to support those statements. Moreover, the Committee proposes adding the crime of “battery” to the list of category two lesser-included offenses, even though “battery” already appears in the list of category one lesser-included offenses. Thus, as proposed, “battery” would appear as both a category one and as a category two lesser-included offense. Given these two issues, we decline to authorize instruction 11.1 for publication and use and instead refer this instruction back to the Committee for further consideration.
Next, in the Committee’s proposal for new instruction 8.7(d) (Aggravated Stalking), element one of the offense reads as follows:

(Defendant) was sentenced for [sexual battery] [lewd or lascivious [battery] [molestation] [conduct] [exhibition] [violatiny Fla. Stat. 847.0135(5) ].

The statute on which this part of the instruction is based does not explicitly refer to “lewd or lascivious” behavior. Instead, the statute simply refers to section 800.04, Florida Statutes, which covers crimes committed in the presence of a minor under the age of 16. See § 784.048(7), Fla. Stat. (2012). The proposed jury instruction does not state that the crime must have been committed in the presence of a person under 16. Thus, we amend the proposed language in ele *757 ment one of this instruction to read as follows:

(Defendant) was sentenced for [sexual battery] [violating Fla. Stat. 800.04] [violating Fla. Stat. 847.0135(5) ].

Accordingly, we hereby authorize for publication and use the instructions as they appear in the appendix to this opinion.[2] In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting an additional or alternative instruction nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
2.4 EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS -WILLIAMS RULE”
§ 90.404(2)(a), (2)(b), (2)(c), and (2)(d)2, Fla. Stat.

To be given at the time the evidence is admitted, if requested.

The evidence you are about to receive concerning evidence of other crimes, wrongs, or acts allegedly committed by the defendant will be considered by you for the limited purpose of [proving [motive] [opportunity] [intent] [preparation] [plan] [knowledge] [identity] [the absence of mistake or accident]] on-the part of -the defendant [ (other relevant factor) ] [corroborating the testimony of (victim) ]* and you shall consider it only as it relates to [that] [those] issue[s].
However, the defendant is not on trial for a crime, wrong, or act that is not included in the [information] [indictment].
Comments
* Evidence that is admitted to corroborate the testimony of a victim is allowed only in child molestation and sexual offense cases. See section 90.404(2)(b), Fla. Stat., effective July 1, 2001, in child molestation eases. See 90.404(2)(c) Fla. Stat., effective July 1, 2011, for cases involving sexual offenses.
This instruction was adopted in 1981 and was amended in 2000 [765 So.2d 692], and 2007 [965 So.2d 811], [g€Q7-325,-Corrected Opinion, August 30, 2007] and 2013.
3.8(a) EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS “WILLIAMS RULE”
§ 90.404(2)(a), (2)(b), (2)(e), and (2)(d)2, Fla. Stat.

To be given at the dose of evidence, if applicable.

*758 The evidence which has been admitted to show other crimes, wrongs, or acts allegedly committed by the defendant will be considered by you only as that evidence relates to [proof of [motive] [opportunity] [intent] [preparation] [plan] [knowledge] [identity] [the absence of mistake or accident]] on the part of the defendant] [ (other relevant fact) ] [corroboration of the testimony of (victim) ]*.
However, the defendant cannot be convicted for a crime, wrong, or act that is not included in the [information] [indictment].
Comments
* Evidence that is admitted to corroborate the testimony of a victim is allowed only in child molestation and sexual offense cases. See section 90.404(2)(b), Fla. Stat., effective July 1, 2001, in child molestation cases. See 90.404(2)(c) Fla. Stat., effective July 1, 2011, for cases involving sexual offenses.
This instruction was adopted in 1981 and was amended in 2000 [765 So.2d 692], and 2007 [965 So.2d 811], [SC07-325, Corrected Opinion, August-3^ 2007]-and-2Q-14 2012 T87 So.3d 679], and 2013.
8.2 AGGRAVATED ASSAULT
§ 784.021, Fla. Stat.
To prove the crime of Aggravated Assault, the State must prove the following four elements beyond a reasonable doubt. The first three elements define assault.
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time, (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.

Give la or lfb as applicable. If kb is alleged, give the elements of the felony charged.

4. a. [The assault was made with a deadly weapon.]
b. [The assault was made with a fully-formed, conscious intent to commit (crimefelony charged) upon (victim).]
(If 4b — is—alleged,—define—the—crime charged-

Give if applicable. McClain v. State, 383 So.2d 1146 (Fla. 4th DCA 1980); Smithson v. State, 689 So.2d 1226 (Fla. 5th DCA 1997); Gilbert v. State, 347 So.2d 1087 (Fla. 3rd DCA 1977).

If the circumstances were such as to ordinarily induce a well-founded fear in the mind of a reasonable person, then the victim may be found to have been in fear, and actual fear on the part of the actual victim need not be shown.

Definition. Give if la alleged.

A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Give if ka alleged.

It is not necessary for the State to prove that the defendant had an intent to kill.
Lesser Included Offenses
*759 AGGRAVATED ASSAULT —784.021 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Assault 784-.Q1-1"
Improper exhibition of a dangerous weapon or firearm, if Fla. Stat. 784.021 (lYa) is charged 790.10 10.5
Assault 784.011 8.1
Attempt 777.04(1) 5.1
Improper Exhibition of dangerous weapons or ■firearms 796A0 m-5
Discharging firearms in public 790.15 10.6
Comment
This instruction was approved in 1981 and amended in 2013.
8.6 STALKING
§ 784.048(2), Fla. Stat.
To prove the crime of Stalking, the State must prove the following element beyond a reasonable doubt:
(Defendant) willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyberstalked] (victim).

Definitions.

§ 784.048(l)(a), Fla. Stat.
“Harass” means to engage in a course of conduct directed at a specific person which that causes substantial emotional distress to that in such person and serves no legitimate purpose.
§ 784.048(l)(b), Fla. Stat.
“Course of conduct” means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means knowingly, intentionally and purposely.

Give if applicable. § 78í.0j8(l)(d), Fla. Stat.

“Cyberstalk” means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.
Lesser Included Offenses
BS ip'i «* Pit III «slnfe iaUsK ísiidísí; ¡kSuüik ¡üisiJSs i^inTilfr.ivaiiiipj.i&mfB -spuiir iiraiijj
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt 777.04(1) 5.1
*760 Comment
This instruction was approved in 1995 [657 So.2d 1152] and amended in 2007 [953 So.2d 495] to include cyberstalking and 2013.
8.7(a) AGGRAVATED STALKING
§ 784.048(3), Fla. Stat.
To prove the crime of Aggravated Stalking, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyberstalked] (victim)?; and
2. (Defendant) made a credible threat with the intent to place (victim), in reasonable-fear-of-death or bodily injury — to—[himself]—[herself] [ (name-of — the subject - of- threat)-]-

Give if applicable.

(Name of subject- of-threat) was (victim)’s-[child] [-sibIing][spouse][parent] [dependent]?

Definitions.

§ 78U.0Jp8(l)(a), Fla. Stat.

“Harass” means to engage in a course of conduct directed at a specific person which that causes substantial emotional distress to that in such person and serves no legitimate purpose.

§ 78j.M8(l)(b), Fla. Stat.

“Course of conduct” means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means knowingly, intentionally and purposely.

Give if applicable. § 784..04-8(l)(d), Fla. Stat.

“Cyberstalk” means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.

§ 78UM8(l)(c), Fla. Stat.

“Credible threat” means a verbal or nonverbal threat, or a combination of the two, including threats delivered by electronic communication or implied by a pattern of conduct, which places the person who is the target of the threat in reasonable fear for his or her safety or the safety of his or her family members or individuals closely associated with the person, and which is made with the apparent ability to carry out the threat to cause such harm, made with the intent to -cause — the person who is -the target-of the threat to reasonably — fear for — his-or her safety. — The-threat-mnst be against the life of, or a threat — to cause bodily-injury to, a person.
It is not necessary for the State to prove that the person making the threat had the actual intent to carry out the threat.

Give if applicable.

The present incarceration of the person making the threat is not a bar to prosecution.
Lesser Included Offenses
*761 sig-sgrTsrsTsiTiirTBSiBr ¡■¡if ifi-ilil 1 :!|É iiÉli-, ípjfípjp
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Stalking 784.048(2) 8.6
Attempt 777.04(1) 5.1
Assault 784.011 8.1
Improper exhibition of dangerous weapon 790.10 10.5
Comment
This instruction was approved in 1995 [657 So.2d 1152] and amended in 2007 [953 So.2d 495], to incorporate cyber-stalking and 2013 to incorporate the change in law effective October 1, 2012,
8.7(b) AGGRAVATED STALKING
(Injunction Entered)
§ 784.048(4), Fla. Stat.
To prove the crime of Aggravated Stalking, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) knowingly, willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyber-stalked] (victim).

Give 2a or 2b as applicable.

2. At the time of the [following] [harassing] [cyberstalking],
a. an injunction for protection against [repeat] [sexual] [dating] [domestic] violence had been entered against (defendant) for the benefit of (victim).
b. a court had imposed a prohibition of conduct on (defendant) toward (victim) or (victim’s property).
3. (Defendant) knew that the [injunction] [court-imposed prohibition of conduct] had been entered against [him][her].

Definitions.

§ 78Jj.omi)(a), Fla. Stat.

“Harass” means to engage in a course of conduct directed at a specific person which that causes substantial emotional distress to that in such person and serves no legitimate purpose.

§ 78bM&(l)(b), Fla. Stat.

“Course of conduct” means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means knowingly, intentionally and purposely.

Give if applicable. § 78kM8(l)(d), Fla. Stat.

“Cyberstalk” means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.
“Maliciously” means wrongfully, intentionally, and without legal justification or excuse.
Lesser Included Offenses
*762 ijai (fnj uhcüübHEhíeréd) -#w4ií78>4g;4)^8^4]|i¡:W
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Stalking 784.048(2) 8.6
Attempt 777.04(1) 5.1
Violation of injunction for protection against domestic violence 741.31(4) 8.16
Violation of injunction for protection against repeat, sexual, or dating violence 784.047 8.19
Violation of injunction for protection against stalking or cvherstalkine 784.0487(41 8.24
Comments
See Seese v. State, 955 So.2d 1145 (Fla. 4th DCA 2007), for the definition of maliciously.
This instruction was adopted in 1995 [657 So.2d 1152] and was amended in 2007 [953 So.2d 495], and 2008 [995 So.2d 476], and 2013.
8.88.7(c) AGGRAVATED STALKING
(Victim under 16 years of age)
§ 784.048(5), Fla. Stat.
To prove the crime of aAggravated sStalking, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyberstalked] (victim); and,
2. At the time of (defendant’s) actions, (victim) was under 16 years of age.

Definitions.

§ 78íM8(l)(a), Fla. Stat.

“Harass” means to engage in a course of conduct directed at a specific person which that causes substantial emotional distress to that in such person and serves no legitimate purpose.

§ 78hM8(l)(b), Fla. Stat.

“Course of conduct” means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means knowingly, intentionally and purposely.

Give if applicable. § 78U-0U8(l)(d), Fla. Stat.

“Cyberstalk” means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.
Lesser Included Offenses
*763 sítfMjire&’li Asfiy , ft*®™.■¡is,!wi «mb miM "spa, wrak sawuBOT fiteli pjp E|i|i f¡ls:i|,'®l»'¥iíiii
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Stalking 784.048(2) 8.6
Attempt 777.04(1) 5.1
Violation of injunction for protection against domestic violence 741.31(4) 8.18
Violation of injunction for protection against repeat, sexual, or dating violence 784.047 8.19
Violation of injunction for protection against stalking or cvberslalking 784.0487(4) 8.24
Comment
This instruction is based on-the-text-of section-784.048(5)j ■ -Florida ■ Statutes (1997), and generally patterned after-the-standard instructions — on—stalking ■■ -and aggravated stalking-.-
This instruction was adopted in 2000 [765 So.2d 692] and amended in 2007 [958 So.2d 4951 to incorporate cyber-stalking, and 2013.
8.7(d) AGGRAVATED STALKING
(Defendant previously sentenced for sex offense
and was prohibited from contacting victim)
§ 784.048(7), Fla. Stat.
To prove the crime of Aggravated Stalking, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) was sentenced for [sexual battery] [violating Fla. Stat. 800.04] [violating Fla. Stat. 847.0135(5) ].
2. As part of that sentencing, (defendant) was ordered to have no contact with (victim).
3. After the sentencing, (defendant) willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyberstalked] (victim).

Definitions.

§ 78hM8(l)(a), Fla. Stat.

“Harass” means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.

§ 78kM8(l)(b), Fla. Stat.

“Course of conduct” means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. The term does not include constitutionally protected activity such as picketing or other organized protests.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means knowingly, intentionally and purposely.

Give if applicable. § 781p.01p8(l)(d), Fla. Stat.

*764 “Cyberstalk” means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.
Lesser Included Offenses
[[Image here]]
Comment
This instruction was adopted in 2013.
8.12 AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.
§ 784.07(2)(c), Fla. Stat.
To prove the crime of Aggravated Assault on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College] [Federal Law Enforcement Officer], the State must prove the following seven elements beyond a reasonable doubt. The first three elements define assault.
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time, (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.

Give ía or Jpb as applicable. If kb is alleged, give the elements of the felony charged.

4. a. The assault was made with a deadly weapon.
*765 b. The assault was made with a fully-formed, conscious intent to commit (crime felony charged) upon (victim).
If fb — is—alleged,—define—the—crime charged.
5. (Victim) was at the time a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
6. (Defendant) knew (victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
7. At the time of the assault, (victim) was engaged in the lawful performance of [his] [her] duties.
The court now instructs you that (name of official position of victim designated in charge) is a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].

In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).

Give if applicable. McClain v. State, 383 So.2d 1146 (Fla. 4th DCA 1980); Smithson v. State, 689 So.2d 1226 (Fla. 5th DCA 1997); Gilbert v. State, 347 So.2d 1087 (Fla. 3rd DCA 1977).

If the circumstances were such as to ordinarily induce a well-founded fear in the mind of a reasonable person, then the victim may be found to have been in fear, and actual fear on the part of the actual victim need not be shown.

Definition. Give if fa alleged.

A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Give if fa alleged.

It is not necessary for the State to prove that the defendant had an intent to kill.
Lesser Included Offenses
*766 784.07(2X*:)
CATEGORY ONE CATEGORY TWO FLA. STAT INS. NO.
Aggravated assault 784.021 8.2
Assault on law ©a enforcement officer 784.07(2)(a) 8.10
Improper exhibition of a dangerous weapon or firearm, if 790,10 Fla. Stat. 784.021 flYa) is charged 10.5
Assault 784.011 8.1
Attempt 777.04(1) 5.1
Improper-exhibition-of dangerous weapons--©f 790-.-10 firearms 40r§
Discharging firearms in public_ 79045 10.6
Comment
This instruction was approved in 1992 [603 So.2d 1175], and amended in 1995 [657 So.2d 1152], and 2007 [962 So.2d 310], and 2008 [994 So.2d 1038], and 2013.
8.15 AGGRAVATED ASSAULT ON PERSON 65 YEARS OF AGE OR OLDER
§ 784.08(2)(b), Fla. Stat.
To prove the crime of Aggravated Assault on a Person 65 Years of Age or Older, the State must prove the following five elements beyond a reasonable doubt. The first three elements define assault.
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time, (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.

Give ka. or kb. If kb is alleged, give the elements of the felony charged.

4. a. [The assault was made with a deadly weapon.)
b. [The assault was made with a fully-formed conscious intent to commit (mmefelony charged) upon (victim).]
If kb — is—alleged-,—define—the—eñme charged?
5. (Victim) was at the time 65 years of age or older.

Give if applicable. McClain v. State, 383 So.2d 1146 (Fla. 4th DCA 1980); Smithson v. State, 689 So.2d 1226 (Fla. 5th DCA 1997); Gilbert v. State, 347 So.2d 1087 (Fla. 3d DCA 1977).

If the circumstances were such as to ordinarily induce a well-founded fear in the mind of a reasonable person, then the victim may be found to have been in fear, and actual fear on the part of the actual victim need not be shown.

*767
Definition. Give if Ua alleged.

A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Give iffa alleged.

It is not necessary for the State to prove that the defendant had an intent to kill.
Lesser Included Offenses
[AGGRAVATED ASSAULT ontersonííís years-of age or =OLDER' — 784.08(2)(b) ?£
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Aggravated assault 784.021 8.2
Assault on person 65 years of age or older 784.08(2Xd) 8.17
Improper exhibition of a dangerous weapon or firearm, if Fla. Stat. 784.02im(a] is charged 790.10 10.5
Assault 784.011 8.1
Attempt 777.04(1) 5.1
improper-exhibition of dangerous weapons or firearms 7-9040 444
Discharging firearms in public 790.15 10.6
Comment
This instruction was adopted in 1997 [697 So.2d 84] and amended in 2013.
8.24 VIOLATION OF INJUNCTION FOR PROTECTION AGAINST [STALKING] [CYBERSTALKING]
§ 784.0487(4), Fla. Stat.
To prove the crime of Violation of an Injunction for Protection Against [Stalking] [Cyberstalking], the State must prove the following two elements beyond a reasonable doubt:
1. An injunction for protection against [stalking] [cyberstalking] was issued by a court against (defendant).
2. (Defendant) willfully violated the injunction by:

Give as alleged.

a. going to, or being within 500 feet of, the petitioner’s residence, school, place of employment, or a specified place frequented regularly by the petitioner and any named family members or individuals closely associated with the petitioner.
b. committing an act of stalking against the petitioner.
c. committing any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to the petitioner.
*768 d. telephoning, contacting, or otherwise communicating with the petitioner, directly or indirectly, unless the injunction specifically allows indirect contact through a third party.
e. knowingly and intentionally coming within 100 feet of the petitioner’s motor vehicle, whether or not that vehicle is occupied.
f. destroying the petitioner’s personal property, including the petitioner’s motor vehicle.
g. refusing to surrender firearms or ammunition if ordered to do so by the court.

Definition.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means knowingly, inten-
tionally and purposely.
Lesser Included Offenses
[[Image here]]
Comment
This instruction was adopted in 2013.
10.6 DISCHARGING A FIREARM [IN PUBLIC] [ON RESIDENTIAL PROPERTY]
§ 790.15, Fla. Stat.
To prove the crime of Discharging a Firearm [in Public] [on Residential Property], the State must prove the following element beyond a reasonable doubt:
Give a, b, or c, and/or d as applicable.
a. [ (Defendant) knowingly discharged a firearm in a public place.]
b. [ (Defendant) knowingly discharged a firearm [on] [over] the right of way of a paved public road, highway, or street.]
c. [ (Defendant) knowingly discharged a firearm over an occupied premises.
[the-r-ight of way of- a-paved-public road].]
[the right of way of a highway].]
[the right of way of a street].]
[occupied premises].]
d.[ (Defendant) [recklessly] [negligently] discharged a firearm outdoors on property [used primarily as the site of a dwelling] [zoned exclusively for residential use].]

Definitions

A “public place” is any place intended or designed to be frequented or resorted to by the public.
“Knowingly” means with full knowledge and intentionally.
“Recklessly” means with a conscious and intentional indifference to consequences.
“Negligently” means failing to use reasonable care under the circumstances.

Fla. Stat. § 810.011(2)

*769 “Dwelling” means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.

Fla. Stat. § 790.001(6)

A “firearm” is legally defined as (adapt from § 790.001(6), Fla.Stat., as required by-tfae-allegations-)- is any weapon including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive [including any machine gun or any destructive device]. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime.]

Fla. Stat. § 790.001(1)

[“Antique firearm” means any firearm manufactured in or before 1918 (including any matchlock, flintlock, percussion cap, or similar early type of ignition system) or replica thereof, whether actually manufactured before or after the year 1918, and also any firearm using fixed ammunition manufactured in or before 1918, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade.]

Fla. Stat. § 790.001(4.)

[“Destructive device” means any bomb, grenade, mine, rocket, missile, pi-pebomb, or similar device containing an explosive, incendiary, or poison gas and includes any frangible container filled with an explosive, incendiary, explosive gas, or expanding gas, which is designed or so constructed as to explode by such filler and is capable of causing bodily harm or property damage; any combination of parts either designed or intended for use in converting any device into a destructive device and from which a destructive device may be readily assembled; any device declared a destructive device by the Bureau of Alcohol, Tobacco, and Firearms; any type of weapon which will, is designed to, or may readily be converted to expel a projectile by the action of any explosive and which has a barrel with a bore of one-half inch or more in diameter; and ammunition for such destructive devices, but not including shotgun shells or any other ammunition designed for use in a firearm other than a destructive device.
“Destructive device” does not include:
(a) A device which is not designed, redesigned, used, or intended for use as a weapon;
(b) Any device, although originally designed as a weapon, which is redesigned so that it may be used solely as a signaling, line-throwing, safety, or similar device;
(c) Any shotgun other than a short-barreled shotgun; or
(d) Any nonautomatic rifle (other than a short-barreled rifle) generally recognized or particularly suitable for use for the hunting of big game.]
Affirmative Defense. See § 790.15(1), Fla. Stat.

The statute and case law are silent as to 1) which party bears the burden of persuasion of the affirmative defense and 2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evi-denee.

*770
The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinions in Dixon v. United States, 548 U.S. 1, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006), for further guidance.

It is a defense to this charge the crime of Discharging a Firearm [in Public] [on Residential Property] if feat the defendant was [lawfully defending life or property],-©? [performing official duties requiring the discharge of a firearm] [discharging a firearm on public roads or property expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry].

If burden of persuasion is on the defendant:

If you find that defendant proved ( insert appropriate burden of persuasion) that [he][she] was [lawfully defending life or property] [performing official duties requiring the discharge of a firearm] [discharging a firearm on public roads or property expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry], you should find [him][her] not guilty. If the defendant did not prove (insert appropriate burden of persuasion) that [he][she] was [lawfully defending life or property] [performing official duties requiring the discharge of a firearm] [discharging a firearm on public roads or property expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry], you should find [him][her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.

If burden of persuasion is on the State:

If you find that the State proved (insert appropriate burden of persuasion) that the defendant was not [lawfully defending life or property] [performing official duties requiring the discharge of a firearm] [discharging a firearm on public roads or property expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry], you should find [him][her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt. However, if you are not convinced (inseH appropriate burden of persuasion) that the defendant was [lawfully defending life or property] [performing official duties requiring the discharge of a firearm] [discharging a firearm on public roads or property expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry], you should find [him][her] not guilty.
See — applieable—defenses—specified—m §-7-90S¡5, Fla,Stai.-
Lesser Included Offenses
ION RESIDENTIAL PROPERTY! — 790.15 ; :
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt 777.04(1) 5.1
*771 Comment
This instruction was adopted in 1981 and was amended in 1989 and 2013.
14.9 EXPLOITATION OF [AN ELDERLY PERSON] [A DISABLED ADULT]
§ 825.103, Fla. Stat.
To prove the crime of Exploitation of [an Elderly Person] [Disabled Adult], the State must prove the following four elements beyond a reasonable doubt:

Give as applicable.

Fla. Stat. § 825.103(l)(a).

1. (Victim) was [an elderly person] [a disabled adult].
2. (Defendant) knowingly used deception or intimidation to [obtain or use] [endeavor to obtain or use] (victim’s) [funds] [assets] [property],
3. (Defendant) did so with the intent to

Give as applicable.

a. temporarily or permanently deprive (victim) of the use, benefit, or possession of [his][her] [funds] [assets] [property];
b. benefit someone other than (victim).
4. At the time, (defendant) [stood in a position of trust and confidence] [had a business relationship] with (victim).

Fla. Stat. § 825.10S(l)(b).

1. (Victim) was [an elderly person] [a disabled adult].
2. (Defendant) [obtained or used] [endeavored to obtain or use] [conspired with another to obtain or use] (victim’s) [funds] [assets] [property].
3. (Defendant) did so with the intent to

Give as applicable.

a. temporarily or permanently deprive (victim) of the use, benefit, or possession of [his][her] [funds] [assets] [property];
b. benefit someone other than (victim).
4. At the time, (defendant) knew or reasonably should have known that (victim) lacked the capacity to consent.

Fla. Stat. § 825.103(l)(c).

1. (Victim) was [an elderly person] [a disabled adult].
2. (Defendant) was (victim’s) [guardian] [agent under a power of attorney].
3. (Defendant) breached a fiduciary duty to (victim).
4. As a result, there was an unauthorized [appropriation] [sale] [transfer] of (victim’s) property.

Give as ayplicable.

If you find (defendant) guilty of Exploitation of [an Elderly Person] [a Disabled Adult], you must then determine whether the State has proven beyond a reasonable doubt that:
a. the [funds] [assets] [property] involved in the exploitation of the [elderly person] [disabled adult] [is][are] valued at $100,000 or more;
b. the [funds] [assets] [property] involved in the exploitation of the [elderly person] [disabled adult] [is][are] valued at $20,000 or more, but less than $100,000;
c. the [funds] [assets] [property] involved in the exploitation of the [elderly person] [disabled adult] *772 [is] [are] valued at less than $20,-000.

Definitions. Give as applicable.

Fla. Stat. § 825.101(1).

“Business relationship” means a relationship between two or more individuals or entities where there exists an oral or written contract or agreement for goods or services.

Fla. Stat. § 825.101(3).

“Deception” means:
a. Misrepresenting or concealing a material fact relating to:
1. Services rendered, disposition of property, or use of property, when such services or property are intended to benefit [an elderly person] [disabled adult];
2. Terms of a contract or agreement entered into with [an elderly person] [disabled adult]; or
3. An existing or preexisting condition of any property involved in a contract or agreement entered into with [an elderly person] [disabled adult]; or
b. Using any misrepresentation, false pretense, or false promise in order to induce, encourage, or solicit [an elderly person[ [disabled adult] to enter into a contract or agreement.

Fla. Stat. § 825.101(F).

“Disabled adult” means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person^ ability to perform the normal activities of daily living.

Fla. Stat. § 825.101(5).

“Elderly person” means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person’s own care or protection is impaired.

Fla. Stat. § 825.101(6).

“Endeavor” means to attempt or try.

Fla. Stat. § 825.101(8).

“Intimidation” means the communication by word or act to [an elderly person] [disabled adult] that the [elderly person] [disabled adult] will be deprived of food, nutrition, clothing, shelter, supervision, medicine, medical services, money, or financial support or will suffer physical violence.

Fla. Stat. § 825.101(9).

“Lacks capacity to consent” means an impairment by reason of mental illness, developmental disability, organic brain disorder, physical illness or disability, chronic use of drugs, chronic intoxication, short-term memory loss, or other cause, that causes [an elderly person] [disabled adult] to lack sufficient understanding or capacity to make or communicate reasonable decisions concerning the [elderly person’s] [disabled adult’s] person or property.

Fla. Stat. § 825.101(10).

“Obtains or uses” means any manner of:
a. Taking or exercising control over property; or
b. Making any use, disposition, or transfer of property.

Fla. Stat. § 825.101(11).

“Position of trust and confidence” with respect to [an elderly person] [a *773 disabled adult] means the position of a person who:
a. Is a parent, spouse, adult child, or other relative by blood or marriage of the [elderly person] [disabled adult];
b. Is a joint tenant or tenant in common with the [elderly person] [disabled adult];
c. Has a legal or fiduciary relationship with the [elderly person] [disabled adult], including, but not limited to, a court-appointed or voluntary guardian, trustee, attorney, or conservator;
d. Is a caregiver of the [elderly person] [disabled adult].
e. Is any other person who has been entrusted with or has assumed responsibility for the use or management of the [elderly person’s] [disabled adult’s] [funds] [assets] [property],

Fla. Stat. § 825.101(2).

“Caregiver” means a person who has been entrusted with or has assumed responsibility for the care or the property of [an elderly person] [disabled adult]. “Caregiver” includes, but is not limited to, relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers, and employees and volunteers of facilities.

Fla. Stat. § 825.101(7).

“Facility” means any location providing day or residential care or treatment for elderly persons or disabled adults. The term “facility” may include, but is not limited to, any hospital, training center, state institution, nursing home, assisted living facility, adult family-care home, adult day care center, group home, mental health treatment center, or continuing care community.

Fla. Stat. § 825.101(12).

“Property” means anything of value and includes:
a. Real property, including things growing on, affixed to, and found in land.
b. Tangible or intangible personal property, including rights, privileges, interests, and claims.
c. Services.

Fla. Stat. § 825.101(13).

“Services” means anything of value resulting from a person’s physical or mental labor or skill, or from the use, possession, or presence of property, and includes:
a. Repairs or improvements to property.
b. Professional services.
c. Private, public, or governmental communication, transportation, power, water, or sanitation services.
d. Lodging accommodations.
e. Admissions to places of exhibition or entertainment.

Fla. Stat. § 825.101(14-).

“Value” means value determined according to any of the following:
1. The market value of the property at the time and place of the offense or, if the market value cannot be satisfactorily ascertained, the cost of replacing the property within a reasonable time after the offense.
*774 2. In the case of a written instrument such as a check, draft, or promissory note, which does not have a readily ascertainable market value, the value is the amount due or collectible. The value of any other instrument that creates, releases, discharges, or otherwise affects any valuable legal right, privilege, or obligation is the greatest amount of economic loss that the owner of the instrument might reasonably suffer by the loss of the instrument.
3. The value of a trade secret that does not have a readily ascertainable market value is any reasonable value representing the damage to the owner suffered by reason of losing advantage over those who do not know of or use the trade secret.

Fla. Stat. S 825.101(U)(b).

If the value of the property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100.

Fla Stat. § 825.101(W(c).

Amounts of value of separate properties involved in exploitation committed pursuant to one scheme or course of conduct, whether the exploitation involves the same person or several persons, may be aggregated in determining the degree of the offense.
Lesser Included Offense
EXPLOITATION OF IAN ELDERLY: PERSON! = f A -DISABLED- AD ULT:1: rr — • :825:103:?
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
Petit theft - second degree, if 6 825.103(1 Ya~> or(b3is charged 812.014(3 Yal 14.1
Grand Theft, if § 825.103(1 Yal or (b~) is charged 812.014(2Yal1. 14.1
Grand Theft, if S 825.103(1 Yal or (bl is charged 812.014(2Yb'll. 14.1
Grand Theft, if § 825.103(1 Yal or (hi is charged 812.014(2Ycl 14.1
Petit Theft, if S 825.103(1 Ya! or (V) is charged 812.014(2Yel 14.1
*775 Comment
This instruction was adopted in 2013.
16.12 LEAVING A CHILD UNATTENDED OR UNSUPERVISED IN A MOTOR VEHICLE
§ 316.6135, Fla. Stat.
To prove the crime of Leaving a Child Unattended or Unsupervised in a Motor Vehicle, the State must prove the following [three] [four] elements beyond a reasonable doubt:
1. (Defendant) was a [parent of] [legal guardian for] [person responsible for] (victim).
2. (Victim) was less younger than 6 years of age.

Give 3a or 3b as applicable.

3. (Defendant) left (victim) unattended or unsupervised in a motor vehicle
a. for more-than a period in excess of 15 minutes.

Note to Judge: Give 3b, if applicable, only when the crime charged is a violation ofF.S. 316.6135(4.).

b. for any period of time if while [the motor of the vehicle was running] [the health of the victim child was in danger] [the child appeared to be in distress].

Give if applicable crime charged is a violation of Fla. Stat. § 316.6135(4)

4. In so doing, (defendant) caused [great bodily harm] [a permanent disability] [permanent disfigurement] was caused to (victim).

Definition. Fla. Stat. § 316.003(21).

Motor vehicle means a self-propelled vehicle not operated upon rails or guide-way, including a motorcycle, but not a bicycle, motorized scooter, electric personal assistive mobility device, swamp buggy, or moped.
Lesser Included Offenses
[[Image here]]
Comment
This instruction was adopted in 2009 [3 So.3d 1172] and amended in 2013.
21.8 TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE
918.13 Fla. Stat. w
To prove the crime of [Tampering with] [Fabricating] Physical Evidence, the State must prove the following two elements beyond a reasonable doubt:
*776 1. (Defendant) knew that [a criminal trial or proceeding] [an investigation by a duly constituted [prosecuting authority] [law enforcement agency] [grand jury] [legislative committee]] of this state was [pending] [about to be instituted].

Give 2a or 2b as applicable.

2. a. (Defendant) [altered] [destroyed] [concealed] [removed] any [record] [document] [thing] [item alleged], with the purpose to impair its [verity] [availability] in the [investigation] [proceeding],
b. (Defendant) [made] [presented] [used] any [record] [document] [thing] [item alleged], knowing it to be false.
Lesser Included Offenses
» ¿w'wBii iSKKl mmg: K® - SSiñi. SfoiB-iBS et--1 •«¡•‘¡{aHi I mil "HHt ¡Ml 'lKt!- !3g*!‘!5S! ;gjl- '»!•**! Ifti f'lfl.' Whitt;. :m ■•>)&»» law:')» •,&! SB m ■ ¡te#! flsm>sw .-«ii'siiaf naajiiiKí?!,!j]síi!i!!RV,;5«i!!3¡5 ts; ■,iviil‘i55!' ;agi]<>5ci • iaahwd «gutaa
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None Attempt 777 .CM (T) 5A-
Attempt 777.04(1] 5.1
Comment
This instruction was adopted in 2010 [44 So.3d 565] and amended in 2013.
21.14 FALSE INFORMATION TO LAW ENFORCEMENT INVESTIGATING A MISSING PERSON 16 YEARS OF AGE OR YOUNGER WHO SUFFERS [GREAT BODILY HARM] [PERMANENT DISABILITY] [PERMANENT DISFIGUREMENT] [DEATH]
§ 837.055(2), Fla. Stat.
To prove the crime of False Information to Law Enforcement Investigating a Missing Person 16 Years of Age or Younger Who Suffers [Great Bodily Harm] [Permanent Disability] [Permanent Disfigurement] [Death], the State must prove the following six elements beyond a reasonable doubt:
1. (Name of law enforcement officer) was conducting a missing person investigation involving a child 16 years of age or younger.
2. (Name of law enforcement officer) was a law enforcement officer.
3. (Defendant) knew (name of law enforcement officer) was a law enforcement officer.
4. (Defendant) knowingly and willfully gave false information to (name of law enforcement officer).
5. (Defendant) intended to mislead (name of law enforcement officer) or impede the investigation.
6. The child who was the subject of the investigation suffered [great bodily harm] [death] [permanent [disability] [disfigurement]].

Definition.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means knowingly, intentionally, and purposely.
Lesser Included Offenses
*777 FALSE INFORMATION TO LAW ENFORCEMENT INVESTIGATING A MISSING PERSON 16 YEARS OF AGE OR YOUNGER WHO SUFFERS TGREAT BODILY HARM1 IDEATH1 IPERMANENT rDISABILFTYl rDISFIGUREMENTl - $ 837.055121
CATEGORY CATEGORY FLA. STAT. INS. NO.
ONE TWO
Knowingly Giving False Information Concerning a Missing Person Investigation 837.055fn 21.15
Knowingly Giving False Information Concerning a Felony Criminal Investigation 837.055m 21.15
Attempt 777.04m 5.1
Comments
It is undetermined whether an element of this crime is that the defendant knew that the missing person investigation involved a child 16 years of age or younger.
There is no case law regarding the definition of “law enforcement officer”
This instruction was adopted in 2013.
48.32115 FALSE INFORMATION TO LAW ENFORCEMENT
§ 837.055(1), Fla. Stat.
To prove the crime of False Information to Law Enforcement, the State must prove the following five elements beyond a reasonable doubt:
1. (Name of law enforcement officer) was conducting a [missing person investigation] [felony criminal investigation].
2. (Name of law enforcement officer) was a law enforcement officer.
3. (Defendant) knew that (name of law enforcement officer) was a law enforcement officer.
4. (Defendant) knowingly and willfully gave false information to (name of law enforcement officer).
5. (Defendant) intended to mislead (name of law enforcement officer) or impede the investigation.

Definition.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means intentionally, knowingly and purposely.
Lesser Included Offenses
■No lesser included-offenses.have been identified-for-this- offense.
*778 . FALSE. INFORMATION TOXÁW. ENFORCEMENT 837)055(1).
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt 777.04(1) 5.1
Comments
There is no case law regarding the definition of “law enforcement officer.”
This instruction was adopted in 2008 [995 So.2d 489] and amended in 2013.
28.5(a) RACING ON A HIGHWAY
3 F w S' CO yH CO
To prove the crime of Racing on a Highway, the State must prove the following element beyond a reasonable doubt:

Give a, b, c, or d as applicable.

(Defendant)
a. drove a motor vehicle in
b. [participated] [coordinated] [facilitated] [collected monies] at the any location of for
c. knowingly rode as a passenger in
d. purposefully caused moving traffic to slow or stop for
[a race] [a drag race or acceleration contest] [a speed competition or contest] [a test of physical endurance] [an exhibition of speed or acceleration] [an attempt to make a speed record] on a [highway] [roadway] [parking lot].

Definitions.

Fla. Stat. § 316.191(l)(b).

Drag race means the operation of two or more motor vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other, or the operation of one or more motor vehicles to the same point, for the purpose of comparing the relative speeds or power of acceleration of such motor vehicle or motor vehicles within a certain distance or time limit.

Fla. Stat. § 316.003(21).

Motor vehicle means any self-propelled vehicle not operated upon rails or guideway, including a motorcycle, but not a including any bicycle, motorized scooter, electric personal assistive mobility device, swamp buggy, or moped.

Fla. Stat. § 316.191(l)(c).

Race means the use of one or more motor vehicles in competition, arising from a challenge to demonstrate superiority of a motor vehicle or driver and the acceptance or competitive response to that challenge, either through a prior arrangement or in immediate response, in which the competitor attempts to out-gain or outdistance another motor vehicle, to prevent another motor vehicle from passing, to arrive at a given destination ahead of another motor vehicle or motor vehicles, or to test the physical stamina or endurance of drivers over long distance driving routes. A race may be prearranged or may occur through a competitive response to conduct on the part of one or more drivers which, under the totality of circumstances, can reasonably be interpreted as a challenge to race.

Fla. Stat. § 316.003(^2).

Roadway means that portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways, the term roadway as used herein refers to any such roadway *779 separately, but not to all such roadways collectively.

Fla. Stat. § 316.003(53).

Street or highway means
(a) The entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic;
(b) The entire width between the boundary lines of any privately owned way or place used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons, or any limited access road owned or controlled by a special district, whenever, by written agreement entered into under s. 316.006(2)(b) or (3)(b), a county or municipality exercises traffic control jurisdiction over said way or place;
(c) Any area, such as a runway, taxiway, ramp, clear zone, or parking lot, within the boundary of any airport owned by the state, a county, a municipality, or a political subdivision, which area is used for vehicular traffic but which is not open for vehicular operation by the general public; or
id) Any way or place used for vehicular traffic on a controlled access basis within a mobile home park recreation district which has been created under s. 418.30 and the recreational facilities of which district are open to the general public.
Lesser Included Offenses
■No-lesser included offenses-have-been identified-for-this- offense.
' RACING ON A HIGHWAY -^ 316;i 9ÍI3)(a)::; m:-:
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt 777.04m 5.1
Comment
This instruction was adopted in 2009 [6 So.3d 574] and amended in 2012 [95 So.3d 868] and 2013.
29.18 FAILURE TO APPEAR
§ 843.15, Fla. Stat.
To prove the crime of Failure to Appear, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) was released from custody pursuant to Chapter 903, Florida’s bail statute.
2. (Defendant) was released

Give as applicable.

a. in connection with a felony charge.
b. in connection with a misdemeanor charge.
c. while awaiting sentencing.
d. pending review by certiorari after conviction of an offense.
3, After [his][her] release, (defendant) willfully failed to appear as required for (insert name of proceeding, e.g. docket sounding, trial, sentencing) before a [court] [judicial officer].

Definitions.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987), Corrales v. State, 84 So.3d 406 (Fla. 1st DCA 2012).

*780 “Willfully” means intentionally, knowingly, and purposely.

Give if applicable.

“Review by Certiorari” means that an appellate court has chosen to examine the proceedings that have taken place in a lower court.
Lesser Included Offenses
C,t FAILURE TO APPEAR &wkey;84&15:- á
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Attempt 777.04m 5.1
Comment
An attorney’s communications to a client about court dates is outside the protection of the attorney-client privilege. Watkins v. State, 516 So.2d 1043 (Fla. 1st DCA 1987). A defendant may be convicted of Failure to Appear if he or she was released on his or her own recognizance. King v. State, 401 So.2d 931 (Fla. 1st DCA 1981). A defendant who leaves during his or her trial may be convicted of Failure to Appear. Howard v. State, 457 So.2d 1153 (Fla. 2d DCA 1984).
This instruction was adopted in 2013.

. The Committee’s report originally asked the Court to also authorize for publication and use instruction 28.4 (Leaving the Scene of a Crash Involving Death or Injury). The Committee subsequently filed a motion to withdraw that instruction, and the Court granted that motion on October 25, 2013. Therefore, instruction 28.4 is no longer a part of case number SC 12-2031 and is not addressed in this opinion.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.