# Supreme Court of Florida

_____

No. SC16-1183

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2016-04.**

[December 8, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted a report proposing amendments to seven existing

standard criminal jury instructions. We have jurisdiction. See art. V, § 2(a), Fla.

Const.

The Committee proposes amending existing instructions 3.3(a) (Aggravation

of a Felony by Carrying a Firearm); 3.3(b) (Aggravation of a Felony by Carrying a

Weapon Other Than a Firearm); 3.3(f) (Aggravation of a Crime by Selecting a

Victim Based on Prejudice); 3.6(c) (Psychotropic Medication); 8.18 (Violation of

an Injunction for Protection Against Domestic Violence); 8.19 (Violation of an

Injunction for Protection Against [Repeat] [Sexual] [Dating] Violence); and 8.24

(Violation of an Injunction for Protection Against [Stalking] [Cyberstalking]).

Before filing its report with the Court, the Committee published its proposals for comments. The Committee received comments from the Florida Association of Criminal Defense Lawyers, the Florida Public Defender Association, and Gerry Rose. The Committee altered several of its proposals upon consideration of the comments. The Court did not publish the Committee's amended proposals for comment.

Having considered the Committee's report and the comments received by the Committee, we authorize for publication and use amended instructions 3.3(f), 3.6(c), 8.18, 8.19, and 8.24 as proposed. We, however, decline to authorize amended instructions 3.3(a) and 3.3(b) at this time.

Accordingly, the instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[1] In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further

_____

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

## Appendix

## 3.3(f) AGGRAVATION OF A CRIME BY SELECTING A VICTIM BASED ON PREJUDICE
§ 775.085, Fla. Stat. and § 775.0863, Fla. Stat.

**If you find that** (defendant) **committed** (crime charged or a lesser included crime) **and you also find beyond a reasonable doubt that** (defendant)

1. **perceived, knew, or had reasonable ground to perceive or know** (victim's) **[race] [color] [ancestry] [ethnicity] [religion] [sexual orientation] [national origin] [homeless status] [mental or physical disability] [advanced age], and**

2. **intentionally selected** (victim) **because of that perception or knowledge,**

**then you should find ~~the defendant~~(defendant) guilty of** (crime charged or lesser included crime) **aggravated by the intentional selection of ~~the victim~~(victim) based on prejudice.**

**If you find that ~~the defendant~~(defendant) committed** (crime charged or a lesser included crime) **beyond a reasonable doubt, but you are not convinced beyond a reasonable doubt that [he] [she] did so by intentionally selecting ~~the victim~~ (victim) based on prejudice, then you should find ~~the defendant~~[him] [her] guilty of only** (crime charged or a lesser included crime)**.**

*Definitions. Give if applicable.*
*§ 775.0863(1)(b), Fla. Stat.*
**"Mental or physical disability" means ~~that the victim suffers from~~ a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, and has one or more physical or mental limitations that restrict the ~~victim's~~person's ability to perform the normal activities of daily living.**

*§ 775.085(1)(b)1, Fla. Stat.*
**"Advanced age" means that the ~~victim~~person is older than 65 years of age.**

*§ 775.085(1)(b)2, Fla. Stat.*

**"Homeless status" means the ~~victim~~person lacks a fixed, regular, and adequate nighttime residence; or has a primary nighttime residence that is either (1) a supervised publicly or privately operated shelter designed to provide temporary living accommodations or (2) a public or private place not designed for, or ordinarily used as, a regular sleeping accommodation for human beings.**

## Comments

Proof that the defendant intentionally selected the victim is required by *State v. Stalder*, 630 So. 2d 1072 (Fla. 1994).

This instruction was adopted in 1997 [697 So.2d 84] and amended in 2000 [765 So. 2d 692], ~~and~~ 2007 [965 So. 2d 811], ~~and~~ 2011 [73 So. 3d 136], and 2016.

## 3.6(c) ~~INSANITY~~ — PSYCHOTROPIC MEDICATION

*~~Give,~~ If the defendant's ability to proceed to trial is dependent on the use of pyschotropic medication, give if requested by ~~defendant~~the defense, at the beginning of the trial and in the charge to the jury. See Fla. R. Crim P. 3.215(c).*
(Defendant) **currently is being administered psychotropic medication under medical supervision for a mental or emotional condition.**

**Psychotropic medication is any drug or compound affecting the mind, ~~or~~ behavior, intellectual functions, perception, moods, or emotion and includes anti-psychotic, anti-depressant, anti-manic, and anti-anxiety drugs.**

**You shall not allow the defendant's present condition in court or any apparent side effect from the medication that you may have observed in court to affect your deliberations.**

## Comment

This instruction was adopted in ~~June~~1994 [636 So. 2d 502] and amended in 2016.

## 8.18 VIOLATION OF <u>AN INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE</u><s>INJUNCTION</s>
### § 741.31(4)(a), Fla. Stat.

**To prove the crime of Violation of a<u>n Injunction for Protection Against Domestic Violence</u><s>Injunction</s>, the State must prove the following two elements beyond a reasonable doubt:**

1. **A temporary or final injunction for protection against domestic violence was issued by a court against** (defendant) **<u>for the benefit of</u>** (victim)**.**

2. (Defendant) **willfully violated the injunction by** (alleged violation of section 741.31(4)(a))**.**

*Definition.*
**"Willfully" means knowingly, intentionally<u>,</u> and purposely.**

*If the allegation involves the defendant committing an act of domestic violence, define "domestic violence" from § 741.28(2), Fla. Stat.*

*Give if applicable if the jury finds the defendant guilty of Violation of Domestic Violence Injunction. § 741.31(4)(c), Fla. Stat.*
**<u>Now that you have found the defendant guilty of Violation of Domestic Violence Injunction, you must further determine whether the State has proven beyond a reasonable doubt that the defendant was previously convicted two times or more of Violation of an Injunction against the same person.</u>**

**<u>"Conviction" means a determination of guilt which is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered.</u>**

### Lesser Included Offenses

| VIOLATION OF DOMESTIC VIOLENCE INJUNCTION — 741.31 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

This instruction can be used for the Violation of a Domestic Violence Injunction based on prior convictions. For Felony Violation of a Domestic Violence Injunction based on prior convictions, it is error to inform the jury of prior Violation of Injunction convictions until the verdict on the underlying Violation of a Domestic Violence Injunction is rendered. Therefore, if the information or indictment contains an allegation of prior Violation of Injunction convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Violation of a Domestic Violence Injunction, the historical fact of prior convictions shall be determined separately by the jury in a bifurcated proceeding. *See State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*

This instruction was adopted in 2007 [~~SC07-325, Corrected Opinion, August 30, 2007~~965 So. 2d 811] and amended in 2016.

## 8.19 VIOLATION OF <u>AN INJUNCTION FOR PROTECTION AGAINST</u> [REPEAT]~~VIOLENCE~~[SEXUAL]~~VIOLENCE, OR~~ [DATING] VIOLENCE~~INJUNCTION~~
§ 784.047, Fla. Stat.

**To prove the crime of Violation of a<u>n Injunction for Protection Against</u> [Repeat] [Sexual] [Dating] Violence~~Injunction~~, the State must prove the following two elements beyond a reasonable doubt:**

1.  **An injunction for protection against [repeat] [sexual] [dating] violence was issued by a court against** (defendant) **<u>for the benefit of</u>** (victim)**.**

2.  (Defendant) **willfully violated the injunction by** (alleged violation of section 784.047)**.**

*Definition.*
**"Willfully" means knowingly, intentionally, and purposely.**

*If the allegation involves the defendant committing an act of repeat, sexual, or dating violence against the victim, give the appropriate definitions of "violence," "repeat violence," and/or "dating violence" from § 784.046(1), Fla. Stat., and the elements of any appropriate crime(s) supported by the evidence.*

*Give if applicable if the jury finds the defendant guilty of Violation of a [Repeat][Sexual][Dating] Violence Injunction. § 784.047(2), Fla. Stat.*

**Now that you have found the defendant guilty of Violation of a [Repeat] [Sexual] [Dating] Violence Injunction, you must further determine whether the State has proven beyond a reasonable doubt that the defendant was previously convicted two times or more of Violation of an Injunction against the same person.**

**"Conviction" means a determination of guilt which is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered.**

### Lesser Included Offenses

| VIOLATION OF REPEAT VIOLENCE, SEXUAL VIOLENCE, OR DATING VIOLENCE INJUNCTION – 784.047 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comments

This instruction can be used for Violation of a [Repeat] [Sexual] [Dating] Violence Injunction based on prior convictions. For Felony Violation of a [Repeat] [Sexual] [Dating] Violence Injunction based on prior convictions, it is error to inform the jury of prior Violation of Injunction convictions until the verdict on the underlying Violation of a [Repeat] [Sexual] [Dating] Violence Injunction is rendered. Therefore, if the information or indictment contains an allegation of prior Violation of Injunction convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Violation of a [Repeat] [Sexual] [Dating] Violence Injunction, the historical fact of prior convictions shall be determined separately by the jury in a bifurcated proceeding. *See State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*

This instruction was adopted in 2007 [~~SC07-325, Corrected Opinion, August 30, 2007~~965 So. 2d 811] and amended in 2016.

## 8.24 VIOLATION OF <u>AN</u> INJUNCTION FOR PROTECTION AGAINST [STALKING] [CYBERSTALKING]
### § 784.0487(4), Fla. Stat.

To prove the crime of Violation of an Injunction for Protection Against [Stalking] [Cyberstalking], the State must prove the following two elements beyond a reasonable doubt:

1. An injunction for protection against [stalking] [cyberstalking] was issued by a court against (defendant) <u>for the benefit of</u> (victim).

2. (Defendant) **willfully violated the injunction by:**

*Give as alleged.*

    a. going to, or being within 500 feet of, ~~the petitioner's~~(victim's) residence, school, place of employment, or a specified place frequented regularly by ~~the petitioner~~(victim) and any named family members or individuals closely associated with ~~the petitioner~~(victim).

    b. committing an act of stalking against ~~the petitioner~~(victim).

    c. committing any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to ~~the petitioner~~(victim).

    d. telephoning, contacting, or otherwise communicating with ~~the petitioner~~(victim), directly or indirectly, unless the injunction specifically allows indirect contact through a third party.

    e. knowingly and intentionally coming within 100 feet of ~~the petitioner's~~(victim's) motor vehicle, whether or not that vehicle is occupied.

    f. destroying ~~the petitioner's~~(victim's) personal property, including ~~the petitioner's~~(victim's) motor vehicle.

    g. refusing to surrender firearms or ammunition if ordered to do so by the court.

*Definition.*
~~*Patterson v. State, 512 So. 2d 1109 (Fla. 1ˢᵗ DCA 1987).*~~
**"Willfully" means knowingly, intentionally, and purposely.**

*If the allegation involves the defendant committing an act of stalking against victim, give the elements of stalking from Instruction 8.6.*

*Give if applicable if the jury finds the defendant guilty of Violation of Domestic Violence Injunction. § 784.0487(4)(b), Fla. Stat.*
**Now that you have found the defendant guilty of Violation of an Injunction for Protection Against [Stalking] [Cyberstalking], you must further determine whether the State has proven beyond a reasonable doubt that the defendant was previously convicted two times or more of Violation of an Injunction against the same person.**

**"Conviction" means a determination of guilt which is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered.**

## Lesser Included Offenses

| VIOLATION OF INJUNCTION FOR PROTECTION AGAINST [STALKING] [CYBERSTALKING] – 784.0487(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

This instruction can be used for Violation of an Injunction for Protection Against [Stalking] [Cyberstalking] based on prior convictions. For Felony Violation of an Injunction for Protection Against [Stalking] [Cyberstalking] based on prior convictions, it is error to inform the jury of prior Violation of Injunction convictions until the verdict on the underlying Violation of an Injunction for Protection Against [Stalking] [Cyberstalking] is rendered. Therefore, if the information or indictment contains an allegation of prior Violation of Injunction convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Violation of an Injunction for Protection Against [Stalking] [Cyberstalking], the historical fact of

prior convictions shall be determined separately by the jury in a bifurcated proceeding. *See State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*

This instruction was adopted in 2013 [131 So. 3d 755] and amended in 2016.