# Supreme Court of Florida

_____

No. SC18-513
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-02.**

October 25, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing instructions:

2.1(d) (Insanity — Psychotropic Medication); 3.5(c) (Accessory After the Fact);

and 14.1 (Theft).  In addition, the Committee proposes new instructions 21.17

(Compounding a Felony) and 29.5 ([Disorderly Conduct] [Breach of the Peace]).

The Committee published the proposed amendments in *The Florida Bar News*, and

received one comment from the Florida Public Defender Association, Inc.,

concerning new instructions 21.17 and 29.5.  The Committee altered its proposal

for new instruction 29.5 upon consideration of the comment. The Court did not publish the proposals after they were filed. We hereby authorize the amended and new instructions for publication and use as set forth in the appendix to this opinion. The more significant amendments to the instructions are discussed below.

First, instruction 2.1(d) (Insanity — Psychotropic Medication), the pretrial instruction that is given when a defendant's ability to proceed to trial is dependent on the use of psychotropic medication, is modified to mirror the language in its corresponding final charge instruction, 3.6(c) (Psychotropic Medication). The word "Insanity" is deleted from the title because instruction 2.1(d) does not address insanity and the word "Insanity" was recently deleted from the title of instruction 3.6(c). *See In re Std. Jury Instr. in Crim. Cases—Report No. 2016-04*, 206 So. 3d 14, 16 (Fla. 2016). Additionally, the italicized note at the beginning of instruction 2.1(d) is revised for uniformity with the italicized note at the beginning of instruction 3.6(c). A new final paragraph is also added to the instruction informing the jurors that they should not allow the defendant's present condition in court or any apparent side effect from the psychotropic medication that may be observed in court to affect their deliberations.

Next, instruction 3.5(c) (Accessory After the Fact) is renumbered to 21.18, so that it falls under chapter 21, which contains instructions for specific crimes involving "Obstruction of Justice," rather than under chapter 3, which contains

- 2 -

instructions for "Final Charge to Jury," because accessory after the fact is a specific crime. Additionally, an italicized note referencing section 777.03(1)(b), Florida Statutes (2018), is relocated to the comment section, resulting in a new paragraph. The new paragraph addresses considerations that the court may need to take into account if the felony alleged is child abuse, neglect of a child, aggravated child abuse, aggravated manslaughter of a child under 18 years of age, or murder of a child under 18 years of age.

Next, instruction 14.1 (Theft) is updated, based in part upon this Court's opinion in *Dubose v. State*, 210 So. 3d 641 (Fla. 2017), to add within the definition of "dwelling" that an enclosure around a curtilage need not be continuous as it may have an ungated opening for entering and exiting. The definition of "motor vehicle" found in section 320.01(1)(a), Florida Statutes (2018), is also added to the instruction. Further, a new paragraph is added to the comment section stating that a special instruction will be required if the defendant found lost or abandoned property and failed to report the description and location to a law enforcement officer, or unlawfully appropriated the lost or abandoned property, citing section 705.102, Florida Statutes (2018).

New instruction 21.17 (Compounding a Felony) instructs upon the crime of compounding a felony, as enacted in section 843.14, Florida Statutes (2018). Instruction 21.17 sets forth the elements of the crime that the State must prove

beyond a reasonable doubt, and provides that the court should define the felony alleged. Additionally, a paragraph is added to the comment section that states "§ 843.14, Fla. Stat. links the degree of the felony that was concealed to the degree of the crime that the defendant committed." The paragraph also states, "Although there is no case law directly on point, the Committee on Standard Jury Instructions in Criminal Cases relied on the logic in *Bowen v. State*, 791 So. 2d 44 (Fla. 2d DCA 2001) to conclude that the State must specify the felony that the defendant knew about and concealed."

The existing and new criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

that any comments associated with the instructions reflect only the opinion of the

Committee and are not necessarily indicative of the views of this Court as to their

correctness or applicability.  The instructions as set forth in the appendix shall be

effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 2.1(d) ~~INSANITY~~ — PSYCHOTROPIC MEDICATION

*~~Give, if requested by defendant, at the beginning of trial and in the charge to the jury.~~If the defendant's ability to proceed to trial is dependent on the use of psychotropic medication, give if requested by the defense, at the beginning of the trial and in the charge to the jury. See Fla. R. Crim. P. 3.215(c).*

(Defendant) **currently is being administered psychotropic medication under medical supervision for a mental or emotional condition.**

**Psychotropic medication is any drug or compound affecting the mind or behavior, intellectual functions, perception, moods, or emotion and includes anti-psychotic, anti-depressant, anti-manic, and anti-anxiety drugs.**

**<u>You shall not allow the defendant's present condition in court or any apparent side effect from the medication that you may observe in court to affect your deliberations.</u>**

### Comment

This instruction was adopted in 2015 <u>[157 So. 3d 1027] and amended in 2018</u>.

## 14.1 THEFT
§ 812.014, Fla. Stat.

**To prove the crime of Theft, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **knowingly and unlawfully [obtained or used] [endeavored to obtain or to use] the** (property alleged) **of** (victim)**.**

2. **[He] [She] did so with intent to, either temporarily or permanently,**

    a. ~~[~~**deprive** (victim) **of [his] [her] right to the property or any benefit from it.**~~]~~

b.  {appropriate the property of (victim) **to [his] [her] own use or to the use of any person not entitled to it.**}

*Degrees. Give as applicable.*
**If you find the defendant guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:**

a.  {**the value of the property taken was $100,000 or more.**}

b.  {**the value of the property taken was $20,000 or more but less than $100,000.**}

c.  {**the value of the property taken was $10,000 or more but less than $20,000.**}

d.  {**the value of the property taken was $5,000 or more but less than $10,000.**}

e.  {**the value of the property taken was $300 or more but less than $5,000.**}

f.  {**the value of the property taken was $100 or more but less than $300.**}

g.  {**the value of the property taken was less than $100.**}

h.  {**the property taken was a semitrailer that was deployed by a law enforcement officer.**}

i.  {**the property taken was cargo valued at $50,000 or more that has entered the stream of commerce from the shipper's loading platform to the consignee's receiving dock.**}

j.  {**the property taken was cargo valued at less than $50,000 that has entered the stream of commerce from the shipper's loading platform to the consignee's receiving dock.**}

> **k.** [the property taken was emergency medical equipment valued at $300 or more that was taken from [a licensed facility] [an emergency medical aircraft or vehicle].]
>
> **l.** [the property taken was law enforcement equipment valued at $300 or more that was taken from an authorized emergency vehicle.]
>
> **m.** [(defendant)**, individually or in concert with one or more persons, coordinated the activities of another in committing the theft and the value of the property taken was more than $3,000.**]
>
> **n.** [the stolen property was [a will, codicil, or other testamentary instrument] [a firearm] [a motor vehicle] [a commercially farmed animal] [an aquaculture species raised at a certified aquaculture facility] [a fire extinguisher] [2,000 or more pieces of citrus fruit] [taken from a legally posted construction site] [a stop sign] [anhydrous ammonia] [a controlled substance. Under Florida law,** (*name of controlled substance*) **is a controlled substance.**]]
>
> **o.** [the value of the property taken was $100 or more but less than $300, and was taken from [a dwelling] [the unenclosed curtilage of a dwelling].]

*Give if applicable but only in cases of grand theft. § 812.014(2)(a)3, Fla. Stat.*

**If you find the defendant guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:**

> **p.** [in the course of committing the theft,** (defendant) **used a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the theft and thereby damaged the real property of another.**]
>
> **q.** [in the course of committing the theft,** (defendant) **caused more than $1,000 in damage to the [real] [personal] property of another.**]

- 8 -

*State of emergency. Applies only to elements b, c, d, j, k and l above.*

**If you find** (defendant) **guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:**

> **r. [the theft was committed within a county that was subject to a state of emergency that had been declared by the governor under Chapter 252, the "State Emergency Management Act"**
>
> **and**
>
> **the perpetration of the theft was facilitated by conditions arising from the emergency.]**

*Inferences. Give if applicable. § 812.022(1), Fla. Stat.*
**Proof that a person presented false identification, or identification not current in respect to name, address, place of employment, or other material aspect in connection with the leasing of personal property, or failed to return leased property within 72 hours of the termination of the leasing agreement, unless satisfactorily explained, gives rise to an inference that the property was obtained or is now used with unlawful intent to commit theft.**

*§ 812.022(2), Fla. Stat.*
**Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.**

*§ 812.022(3), Fla. Stat. Do not give unless there is evidence of the fair market value of the stolen property. Barfield v. State, 613 So. 2d 507 (Fla. 1st DCA 1993).*
**Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.**

*§ 812.022(4), Fla. Stat.*
**Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business or without the usual indicia of ownership other than mere possession, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that it had been stolen.**

*§ 812.022(5), Fla. Stat.*

**Proof that a dealer who regularly deals in used property possesses stolen property upon which a name and phone number of a person other than the offeror of the property are conspicuously displayed gives rise to an inference that the dealer possessing the property knew or should have known that the property was stolen.**

*§ 812.022(6), Fla. Stat.*

**Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.**

*Definitions.  Give if applicable.*
*§ 316.003, Fla. Stat.*

**"Authorized emergency vehicles" are vehicles of the fire department (fire patrol), police vehicles, and such ambulances and emergency vehicles of municipal departments, public service corporations operated by private corporations, the Department of Environmental Protection, the Department of Health, the Department of Transportation, and the Department of Corrections as are designated or authorized by their respective department or the chief of police of an incorporated city or any sheriff of any of the various counties.**

*§ 812.012(1), Fla. Stat.*

**"Cargo" means partial or entire shipments, containers, or cartons of property which are contained in or on a trailer, motortruck, aircraft, vessel, warehouse, freight station, freight consolidation facility, or air navigation facility.**

*§ 812.014(2), Fla. Stat.*

**"Conditions arising from the emergency" means civil unrest, power outages, curfews, voluntary or mandatory evacuations, or a reduction in the presence of or response time for first responders or homeland security personnel.**

*§ 810.011(2), Fla. Stat.; Dubose v. State, 210 So. 3d 641 (Fla. 2017).*

**"Dwelling"** means a building [or conveyance] of any kind, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.] For purposes of theft, a "dwelling" includes an attached porch or attached garage.

*§ 812.014(2)(b)3, Fla. Stat.*

**"Emergency medical aircraft or vehicle"** means any aircraft, ambulance or other vehicle used as an emergency medical service vehicle that has been issued a permit in accordance with Florida law.

*§ 812.014(2)(b)3, Fla. Stat.*

**"Emergency medical equipment"** means mechanical or electronic apparatus used to provide emergency service and care or to treat medical emergencies.

*§ 395.002(~~10~~9), Fla. Stat.*

**"Emergency services and care"** means medical screening, examination, and evaluation by a physician, or other medically appropriate personnel under the supervision of a physician, to determine if an emergency medical condition exists, and if it does, the care, treatment, or surgery by a physician necessary to relieve or eliminate the emergency medical condition, within the service capability of the facility.

*§ 812.014(2)(b)4, Fla. Stat., and § 943.10, Fla. Stat.*

**"Law enforcement equipment"** means any property, device, or apparatus used by a law enforcement officer in the officer's official business. A law enforcement officer is any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.  This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement

**officers but does not include support personnel employed by the employing agency.**

*§ 810.09(2)(d), Fla. Stat.*
*If the construction site is greater than one acre in area, see § 810.09(2)(d)1, Fla. Stat., and § 810.011(5)(a), Fla. Stat.*
**A "legally posted construction site" means a construction site of one acre or less in area with a sign prominently placed on the property where the construction permits are located, in letters no less than two inches in height, that reads in substantially the following manner: "THIS AREA IS A DESIGNATED CONSTRUCTION SITE, AND ANYONE WHO TRESPASSES ON THIS PROPERTY COMMITS A FELONY."**

*§ 395.002(17~~7~~6), Fla. Stat.*
**"Licensed facility" means a hospital, ambulatory surgical center, or mobile surgical facility licensed by the Florida Agency for Health Care Administration.** *See chapter 395, Fla. Stat.*

*Medrano v. State, 199 So. 3d 413 (Fla. 4th DCA 2016); § 320.01, Fla. Stat. (Some of these terms have their own statutory definitions, which should be given if necessary.)*
**"Motor vehicle" means an automobile, motorcycle, truck, trailer, semitrailer, truck tractor and semitrailer combination, or any other vehicle operated on the roads of this state, used to transport persons or property, and propelled by power other than muscular power, but the term does not include traction engines, road rollers, personal delivery devices, special mobile equipment, vehicles that run only upon a track, bicycles, swamp buggies, or mopeds.**

*§ 810.09(1)(b), Fla. Stat.*
**"Unenclosed curtilage" means the unenclosed land or grounds, and any outbuildings, that are directly and intimately adjacent to and connected with the dwelling and necessary, convenient, and habitually used in connection with that dwelling.**

*§ 812.012(3), Fla. Stat.*
**"Obtains or uses" means any manner of**

> **a. Taking or exercising control over property.**

b. Making any unauthorized use, disposition, or transfer of property.

c. Obtaining property by fraud, willful misrepresentation of a future act, or false promise.

d. Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, deception; or other conduct similar in nature.

**"Endeavor" means to attempt or try.**

*§ 812.012(4), Fla. Stat.*
**"Property" means anything of value, and includes:**

[real property, including things growing on, affixed to and found in land.]
[tangible or intangible personal property, including rights, privileges, interests, and claims.]
[services.]

*§ 812.012(6), Fla. Stat.*
**"Services" means anything of value resulting from a person's physical or mental labor or skill, or from the use, possession, or presence of property, and includes:**

[repairs or improvements to property.]
[professional services.]
[private, public or government communication, transportation, power, water, or sanitation services.]
[lodging accommodations.]
[admissions to places of exhibition or entertainment.]

*§ 812.012(10), Fla. Stat.*
**"Value" means the market value of the property at the time and place of the offense, or if that value cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.**

- 13 -

**If the exact value of the property cannot be ascertained, you should attempt to determine a minimum value. If you cannot determine the minimum value, you must find the value is less than $100.**

*Theft of an Instrument. Give if applicable.*
**In the case of a written instrument that does not have a readily ascertainable market value, such as a check, draft, or promissory note, the value is the amount due or collectible.**

**In the case of any other instrument that creates, releases, discharges or otherwise affects any valuable legal right, privilege, or obligation, the value is the greatest amount of economic loss that the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.**

*Theft of a Trade Secret. Give if applicable.*
**The value of a trade secret that does not have a readily ascertainable market value is any reasonable value representing the damage to the owner suffered by reason of losing an advantage over those who do not know of or use the trade secret.**

*Theft Pursuant to One Scheme. Give if applicable.*
**Amounts of value of separate properties involved in thefts committed pursuant to one scheme or course of conduct, whether the thefts are from the same person or several persons, may be added together to determine the total value of the theft.**

*Good faith defense. Give if applicable. Cliff Berry, Inc. v. State, 116 So. 3d 394 (Fla. 3d DCA 2012).*
**It is a defense to the charge of Theft if** (defendant) **had an honest, good faith belief that [he] [she] had the right to possess the** (property alleged) **of** (victim)**.**

**If you have a reasonable doubt about whether** (defendant) **had an honest, good faith belief, even though unreasonable or mistaken, that [he] [she] had the right to possess the** (property alleged) **of** (victim)**, you should find [him] [her] not guilty of Theft.**

**If you find the State proved beyond a reasonable doubt the defendant did not have a honest, good faith belief that [he] [she] had the right to possess**

**the** (property alleged) **of** (victim)**, you should find [him] [her] guilty, if all of the elements of Theft have been proven beyond a reasonable doubt.**

**Lesser Included Offenses**

| GRAND THEFT — FIRST DEGREE (PROPERTY VALUED AT $100,000 OR MORE) — 812.014(2)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Grand theft — second degree | | 812.014(2)(b) | 14.1 |
| Grand theft — third degree | | 812.014(2)(c)1.,2.,3. | 14.1 |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | Trade secrets | 812.081 | |

| GRAND THEFT — SECOND DEGREE (PROPERTY VALUED AT $20,000 OR MORE BUT LESS THAN $100,000) — 812.014(2)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Grand theft — third degree | | 812.014(2)(c)1.,2., 3. | 14.1 |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | Trade secrets | 812.081 | |

| GRAND THEFT — THIRD DEGREE (PROPERTY VALUED AT $300 OR MORE BUT LESS THAN $20,000) — 812.014(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | Trade secrets | 812.081 | |

| GRAND THEFT — THIRD DEGREE (A MOTOR VEHICLE) — 812.014(2) (c)6 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Trespass to conveyance | 810.08 | 13.3 |

| GRAND THEFT — THIRD DEGREE (PROPERTY VALUED AT $100 OR MORE BUT LESS THAN $300 AND TAKEN FROM DWELLING) — 812.014(2)(d) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | None | 812.014(3)(a) | 14.1 |

| PETIT THEFT — FIRST DEGREE — 812.014(2)(e) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | None | | |

| PETIT THEFT — FIRST DEGREE — 812.014(3)(b) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | None | | |

| PETIT THEFT — SECOND DEGREE — 812.014(3)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | None | | |

| FELONY PETIT THEFT — 812.014(3)(c) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Petit theft — first degree | | 812.014(3)(b) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |

**Comments**

It is error to inform the jury of a prior theft conviction. Therefore, if the information or indictment contains an allegation of one or more prior theft convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of a theft, the historical fact of a previous theft conviction shall be determined beyond a reasonable doubt in a bifurcated proceeding. *State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

According to § 705.102, Fla. Stat., whenever any person finds lost or abandoned property, such person must report the description and location of the property to a law enforcement officer. Any person who unlawfully appropriates such lost or abandoned property to his or her own use commits Theft. In such cases, a special instruction will be required.

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1987 [508 So. 2d 1221], 1989 [543 So. 2d 1205], 1992 [603 So. 2d 1175], 2003 [850 So. 2d 1272], 2005 [911 So. 2d 766 and 915 So. 2d 609], 2008 [986 So. 2d 563], 2013 [109 So. 3d 721], ~~and~~ 2016 [190 So. 3d 614], and 2018.


## 21.17  COMPOUNDING A FELONY
§ 843.14, Fla. Stat.

**To prove the crime of Compounding a Felony, the State must prove the following four elements beyond a reasonable doubt:**

**1.** (Defendant) **knew that a[n]** (felony alleged) **had been committed.**

**2.** (Felony alleged) **was a felony.**

*Give 3a and/or 3b as applicable.*
**3.** (Defendant)

    **a. took [money] [or] [a gratuity] [or] [a reward].**

    **b. entered into an engagement to take [money] [or] [a gratuity] [or] [a reward].**

**4.** (Defendant) **did so upon an agreement or understanding to [conceal] [or] [not prosecute] [or] [not give evidence of] [or] [compound] that** (felony alleged)**.**

**The Court instructs you that on the date[s] alleged in the charging document,** (felony alleged) **was a felony.**

*The Court should define the felony alleged,*

*Give if applicable.*
**The agreement or understanding in element number 4 can be express or implied.**

**Lesser Included Offense**

| COMPOUNDING A FELONY — 843.14 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Compounding a felony (misdemeanor) [i.e., if (felony alleged) is not a capital felony, life felony, or first degree felony punishable by life] | | 843.14 | 21.17 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

§ 843.14, Fla. Stat. links the degree of the felony that was concealed to the degree of the crime that the defendant committed. If the felony that the defendant concealed was a capital felony, a life felony, or a first-degree felony punishable by life, the crime of Compounding a Felony is a third-degree felony. However, if the felony that the defendant concealed was a first, second, or third-degree felony, the crime of Compounding a Felony is a first-degree misdemeanor. Although there is no case law directly on point, the Committee on Standard Jury Instructions in Criminal Cases relied on the logic in *Bowen v. State*, 791 So. 2d 44 (Fla. 2d DCA 2001) to conclude that the State must specify the felony that the defendant knew about and concealed.

This instruction was adopted in 2018.

# ~~3.5(c)~~21.18 ACCESSORY AFTER THE FACT
§ 777.03(1) Fla. Stat.

**To prove the crime of Accessory After the Fact, the State must prove the following [four] [five] elements beyond a reasonable doubt:**

1.  **A** (felony alleged) **was committed by** (name of person committing felony).

2.  **After the** (felony alleged) **was committed,** (defendant) **[maintained] [assisted] [aided or attempted to aid]** (name of person committing felony).

3.  **At that time,** (defendant) **knew that** (name of person committing felony) **had committed the** (felony alleged)**.**

4.  (Defendant) **did so with the intent that** (name of person committing felony) **avoid or escape detection, arrest, trial, or punishment.**

*If the felony alleged is a third degree felony, give element #5.*
5.  (Defendant) **was not related to** (name of person committing felony) **by blood or marriage as husband, wife, parent, grandparent, child, grandchild, brother, or sister.**

*Define the felony alleged.~~If the felony alleged is child abuse, neglect of a child, aggravated child abuse, aggravated manslaughter of a child under 18 years of age, or murder of a child under 18 years of age, it is a defense if the court finds that the defendant was a victim of domestic violence. See § 777.03(1)(b), Fla. Stat.~~*

**It is not necessary for the State to prove that** (defendant's) **assistance was successful in allowing** (name of person committing felony) **to avoid or escape detection, arrest, trial or punishment, nor is it necessary for the State to prove that** (name of person committing felony) **was convicted.**

**The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in a case.**

**Comments**

The degree and offense level of "Accessory After the Fact" depends on the severity of the underlying felony. Accordingly, lesser included offenses must be tailored depending on the felony alleged.

In cases involving proof of knowledge by circumstantial evidence, *see Bowen v. State,* 791 So. 2d 44 (Fla. 2nd DCA 2001).

If the felony alleged is child abuse, neglect of a child, aggravated child abuse, aggravated manslaughter of a child under 18 years of age, or murder of a child under 18 years of age, the court may need to determine whether the defendant is a victim of domestic violence. *See* § 777.03(1)(b), Fla. Stat. If a court determines that the defendant was not a victim of domestic violence, it is unclear whether the courts will require a jury finding on that issue.

This instruction was adopted in 1987 [508 So. 2d 1221] and amended in 2008 [995 So. 2d 489], and 2018.


## 29.5 [DISORDERLY CONDUCT] [BREACH OF THE PEACE]
§ 877.03, Fla. Stat.

**To prove the crime of [Disorderly Conduct] [Breach of the Peace], the State must prove the following element beyond a reasonable doubt:**

(Defendant)

> *Give a–d as applicable.*
> **a. committed an act or acts that [was] [were] of a nature that corrupted the public morals; [or]**
>
> **b. outraged the sense of public decency; [or].**
>
> **c. affected the peace and quiet of persons who witnessed the act or acts; [or]**
>
> **d. engaged in [brawling or fighting].**

## Lesser Included Offense

| [DISORDERLY CONDUCT] [BREACH OF THE PEACE] — § 877.03 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

The statute often raises constitutional concerns. When a defendant claims that his or her conduct constituted protected speech, a special instruction will likely be necessary to ensure the jury does not convict a person for exercising a constitutional right. *See Chandler v.* ~~State~~*State*, 744 So. 2d 1058 (Fla. 4th DCA 1999).

A defendant who does not initiate a fight and acts to protect himself from the attacker may assert self-defense to the charge of Disorderly Conduct. *S.D.G. v. State*, 919 So. 2d 704, 705 (Fla. 5th DCA 2006).

This instruction was adopted in 2018.